737 A.2d 214

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Henry FAHY, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 15, 1999.

Decided Aug. 27, 1999.

Reargument Denied Oct. 4, 1999.

316

Robert Brett Dunham, Philadelphia, for Henry Fahy.

Catherine Marshall, Philadelphia, Robert A. Graci, Office of Atty. Gen., for Com.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

*OPINION*

CAPPY, Justice.

This is a direct appeal [1] from the order of the Philadelphia Court of Common Pleas which denied Appellant Henry Fahy's request for relief pursuant to the Post Conviction Relief Act ("PCRA").[2] For the reasons that follow, we affirm the order of the PCRA court dismissing Appellant's fourth petition for collateral relief.

Sixteen years ago, in 1983, a jury convicted Appellant of murder in the first degree, rape, burglary, and possession of an instrument of crime. These convictions arose from the brutal murder and rape of 12–year old Nicoletta "Nicky" Caserta. The jury found that three aggravating circumstances outweighed two mitigating circumstances and sentenced Appellant to death.[3] This court affirmed Appellant's conviction and sentence on October 21, 1986.[4]

Appellant filed a *pro se* petition for collateral review under the Post Conviction Hearing Act in 1986, but took no further action on the petition. The petition was dismissed the following year. Thereafter, in November 1991, the Governor of Pennsylvania signed a warrant for Appellant's execution, scheduled for the week of January 13, 1992. On January 7, 1992, counsel retained by Appellant filed a petition for stay of

---

1. An order denying a petitioner post conviction relief in a case in which the death penalty has been imposed shall be directly reviewable by the Supreme Court of Pennsylvania. 42 Pa.C.S. § 9546(d); *Commonwealth v. Morales,* 549 Pa. 400, 701 A.2d 516, 519 (1997).

2. 42 Pa.C.S. § 9541 *et seq.*

3. The aggravating circumstances found by the jury were that Appellant committed the murder while in the commission of a felony, 42 Pa. C.S.A. § 9711(d)(6); the murder was committed by means of torture, 42 Pa.C.S.A. § 9711(d)(8); and that Appellant had a significant history of violent felony convictions, 42 Pa.C.S.A. § 9711(d)(9). The mitigating circumstances found by the jury were that Appellant was under the influence of extreme mental or emotional disturbance, 42 Pa.C.S.A. § 9711(e)(2), and that the capacity of Appellant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired, 42 Pa.C.S.A. § 9711(e)(3).

4. A more detailed discussion of the underlying facts of the case may be found at *Commonwealth v. Fahy,* 512 Pa. 298, 516 A.2d 689 (1986).

execution and appointment of counsel with this court. The petition asserted that trial counsel had been ineffective for failing to challenge the aggravated circumstance of torture. This court remanded the matter to the Court of Common Pleas for a hearing as to the torture issue. On September 14, 1992, a hearing was held and the PCRA court denied relief. On July 1, 1994, this court affirmed the denial of collateral relief. *Commonwealth v. Fahy*, 537 Pa. 533, 645 A.2d 199 (1994).

The Governor signed a second death warrant on May 19, 1995. On July 7, 1995, this court granted a stay to permit Appellant thirty days in which to file another petition for collateral relief. Appellant filed his third petition on August 4, 1995. In this petition, Appellant claimed, inter alia, that he suffered from mental illness and expert testimony should have been presented to prove an additional mitigating circumstance in the penalty phase of his trial. The PCRA court found, in part, that the jury had, in fact, found both relevant mitigating circumstances regarding mental disturbance and substantial impairment without the need of an expert opinion. The PCRA court denied Appellant's third petition on October 25, 1995. Appellant appealed to this court.

While his appeal was pending before our court, Appellant, on December 5, 1995, personally petitioned the PCRA court to allow him to waive all collateral proceedings and to withdraw all appeals so that his death sentence could be carried out. Appellant's counsel, on March 22, 1996, filed a motion for the PCRA court to determine Appellant's competency to waive his rights. On July 17, 1996, this court ordered a remand "for a colloquy to determine whether petitioner fully understands the consequences of his request to withdraw his appeal and to waive all collateral proceedings."

Appellant came before the PCRA court for a waiver colloquy on August 2, 1996. At that time, Appellant stated that he desired an additional week to consider his decision. Appellant's request was granted and after a week, Appellant returned to the courtroom at which time he indicated that he desired to withdraw all his appeals. Appellant was colloquied

regarding his understanding of the waiver of his rights. Appellant was specifically asked if he had an opportunity to speak to attorneys from the Center for Legal Education, Advocacy & Defense Assistance ("CLEADA") during his week of reflection. Appellant indicated that he had and even though he recently signed a document indicating that he desired CLEADA to represent him, he had changed his mind and did not want CLEADA representation. The PCRA court concluded that Appellant was competent to waive his right to collateral review and appellate proceedings. Appellant's counsel from CLEADA then filed an appeal to this court, alleging that Appellant did not want to waive his rights to collateral and appellate review.

On September 17, 1997, this court unanimously held that Appellant had knowingly renounced all collateral or appellate proceedings in the August 1996 colloquy. *Commonwealth v. Fahy*, 549 Pa. 159, 700 A.2d 1256 (1997). Nine days later, CLEADA, ostensibly on behalf of Appellant, filed an application for reargument that was subsequently denied.

On November 12, 1997, CLEADA filed in Appellant's name a fourth petition for collateral relief. By Memorandum Opinion dated December 29, 1997, the PCRA court dismissed Appellant's PCRA petition on two grounds: failing to set forth a prima facie case that a miscarriage of justice occurred and timeliness. A notice of appeal was filed on January 23, 1998. We now consider the denial of Appellant's most recent petition.

In his brief to this court, Appellant raises twenty-one issues.[5] Before addressing the numerous issues raised in the

---

**5.** The issues raised by Appellant are:

1. Whether the absence from the record of the transcript of the voir dire proceedings has violated Appellant's rights to meaningful appellate review and effective assistance of counsel and whether prior counsel were ineffective for failing to raise this matter?

2. Whether Appellant is entitled to relief from his convictions and sentence because the Commonwealth used its peremptory strikes in a racially discriminatory manner?

3. Whether Appellant's sentence should be vacated because the jury was never given any instruction concerning the meaning of the torture

aggravating circumstance, including the fact that a finding of the torture aggravator requires a finding of intent to torture?

4. Whether Appellant's sentence should be vacated because there is no definitive proof that the jury found the torture aggravating circumstance, rendering his death sentence unreliable, and whether Appellant was denied meaningful proportionality review on direct appeal?

5. Whether the trial court erred in denying relief and declining to conduct a hearing on Appellant's claim of ineffective assistance of counsel during the sentencing stage?

6. Whether the trial court failed to accurately instruct the jury on parole?

7. Whether Appellant is entitled to relief because a confession was unconstitutionally obtained and used against him?

8. Whether Appellant's conviction must be vacated because of prosecutorial misconduct during the guilt phase of trial?

9. Whether Appellant's sentence must be vacated because of prosecutorial misconduct during the sentencing phase of trial?

10. Whether Appellant's death sentence must be vacated because the jury was not permitted to consider and give effect to the non-statutory mitigating evidence that was presented?

11. Whether Appellant is entitled to relief from his death sentence because the penalty phase jury instruction and verdict sheets unconstitutionally indicated that the jury had to unanimously find any mitigating circumstance before it could give effect to that circumstance in its sentencing decision?

12. Whether Appellant's death sentence must be vacated because the proportionality performed by this court did not provide him with meaningful appellate review?

13. Whether Appellant's convictions and sentence should be vacated because the trial court gave a defective reasonable doubt instruction at the guilt phase that was not corrected at the sentencing phase?

14. Whether prosecutorial argument diminished the jury's sense of responsibility and violated the Sixth, Eighth, and Fourteenth Amendments?

15. Whether Appellant's death sentence should be vacated because the jury was inhibited with respect to mitigating circumstances due to insufficient instructions by the trial court?

16. Whether Appellant is entitled to relief from his sentence because Pennsylvania's (d)(9) "significant history" of violent felony convictions aggravating circumstance is unconstitutionally vague?

17. Whether Appellant's sentence should be vacated because the trial court gave an erroneous "preponderance of the evidence" instruction at the sentencing phase?

18. Whether Appellant is entitled to relief from his conviction and sentence because the trial court gave an impermissible progression charge?

19. Whether all prior counsel were ineffective for failing to raise and/or properly litigate the issues presented in these proceedings?

20. If this court does not grant relief on the claims discussed herein, whether it should remand to the Court of Common Pleas for resolution of recently discovered claims regarding racial discrimination at capital sentencing?

petition, however, we must, as a threshold matter, determine whether the petition should be dismissed as untimely.

On November 17, 1995, the General Assembly amended the PCRA to require, as a matter of jurisdiction, that all PCRA petitions must be filed within a certain period of time after judgment. Specifically, the amendments require that any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final ...." 42 Pa.C.S. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In the case *sub judice*, Appellant's judgment of sentence became final on January 19, 1987, that is, upon the expiration of the 90–day period for seeking appellate review to the United States Supreme Court of this court's October 21, 1986 order affirming conviction and judgment of sentence.[6] Since the date of the final judgment was January 19, 1987 and this latest PCRA petition was filed some 11 years later on November 12, 1997, it was obviously beyond the PCRA's one-year time limitation.

However, this is not the end of our inquiry because the amendments contain certain exceptions regarding the filing of a petition that fails to satisfy section 9545(b)(1). First, where the judgment becomes final on or before the amendments' effective date, a petition will be deemed timely if the petitioner's *first* petition is filed within one year of the effective date of the amendments.[7] The effective date of the amendments was January 16, 1996. In the appeal before us, the date the

21. Whether relief is appropriate because of the cumulative effect of the errors described in this brief?

6. Supreme Court Rule 13; *Kapral v. United States*, 166 F.3d 565 (3d Cir.1999)

7. Section 3(1) of the Act of Nov. 17, 1995 (Spec.Sess. No. 1) P.L. 1118, No. 32, found as a note to 42 Pa.C.S. §§ 9542, 9543, 9544, 9545, and 9546.

judgment became final preceded the effective date of the amendments. However, as this is Appellant's *fourth* petition for collateral relief, Appellant does not qualify for this exception which only applies to a *first* PCRA petition. *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638, 641 (1998). We note that even if it was Appellant's first petition, he would still not be entitled to relief because his petition was filed more than one year after the effective date of the amendments.

The amendments contain three other exceptions to the one-year limitation noted above. An otherwise untimely petition may nevertheless be considered if the petition alleges and the petitioner proves that:

(i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)(i)–(iii), (2).

As stated in the amendments, it is for the petitioner to allege in his petition and to prove that he falls within one of the exceptions found in § 9545(b)(1)(i)–(iii). Appellant attempts to invoke only the exception found in 42 Pa.C.S.A. § 9545(b)(1)(i) by offering that his failure to raise his claims previously was the result of interference by government officials.[8] According to Appellant, he was subject to "threats and

8. We note that Appellant waited until his reply brief to raise a number of arguments as to why his petition should not be dismissed as untime-

harassment" by his guards and that this resulted in Appellant renouncing all appeals and collateral review.

First, the assertion that his guards influenced the validity of Appellant's waiver was previously litigated and rejected by this court. On appeal from the PCRA court's determination that Appellant's waiver was valid, Appellant specifically argued that his decision to waive appellate and collateral review was motivated by abuse and harassment by his guards, i.e., the conditions of his incarceration. This court nevertheless

ly. The opportunity for, and the extent of, a reply brief is limited. The Pennsylvania Rules of Appellate Procedure make clear that an "appellant may file a brief in reply to matters raised by appellee's brief not previously raised in appellant's brief." Pa.R.A.P. 2113(a). Thus, an appellant is prohibited from raising new issues in a reply brief. Moreover, a reply brief cannot be a vehicle to argue issues raised but inadequately developed in appellant's original brief. 16 Standard Pennsylvania Practice 2d § 89.5; see Leonard S. Fiore, Inc. v. Department of Labor and Industry, Prevailing Wage Appeals Board, 526 Pa. 282, 585 A.2d 994 (1991)(motion to suppress portions of appellant's reply brief which reargued issues previously raised and argued in appellant's brief granted); Park v. Chronister, 151 Pa.Cmwlth. 562, 617 A.2d 863, 871 (1992), alloc. denied, 534 Pa. 654, 627 A.2d 731 (1992). When an appellant uses a reply brief to raise new issues or remedy deficient discussions in an initial brief, the appellate court may suppress the non-complying portions. Pa.R.A.P. 2101. If the defects in a brief are substantial, appellate courts have the discretion to quash or dismiss the appeal. Pa.R.A.P. 2101; see Grosskopf v. WCAB (Kuhns Market), 657 A.2d 124 (Pa.Cmwlth.), alloc. denied, 542 Pa. 677, 668 A.2d 1139 (1995); Commonwealth v. Taylor, 306 Pa.Super. 1, 451 A.2d 1360 (1982). The onus of complying with the rules of appellate procedure falls entirely on appellate counsel, who may suffer consequences from committing prejudicial errors. See Commonwealth v. Stoppie, 337 Pa.Super. 235, 486 A.2d 994 (1984)(admonishing appellate counsels who do not comply with published rules).

To the extent Appellant purposefully reserved raising certain arguments dealing with the crux of this appeal until his reply brief in an attempt to curtail or preclude the Commonwealth's response thereto, this court cannot condone such a strategy. In addition to the above-stated remedies, the rules of appellate procedure protect against such an approach to appellate advocacy by permitting the filing of a sur-reply brief with leave of court. Pa.R.A.P. 2113(d). The Commonwealth has filed a motion to respond and a response to Appellant's reply brief. We believe that in light of the Commonwealth responding to the reply brief, and the fact that this is a capital appeal, it is appropriate for this court to review the issues raised in Appellant's reply brief on their merits, grant the Commonwealth's motion, and consider its response to Appellant's reply brief.

found Appellant's waiver of his rights to be valid. *Commonwealth v. Fahy*, 700 A.2d at 1259.

Additionally, assuming arguendo, that Appellant's guards coerced him into waiving his rights to appellate review and collateral relief, and assuming, without deciding, that this coercion constitutes the type of governmental interference contemplated by exception (b)(1)(i), Appellant has still failed to satisfy the time requirements of the PCRA. To qualify for any of the exceptions found in paragraph (b)(1)(i)–(iii), one must not only satisfy the substantive requirements of the savings provision, but must also file a petition invoking such exception within 60 days of the date the claim could have been filed. 42 Pa.C.S.A. § 9545(b)(2).

Appellant's own affidavit dated August 21, 1996 indicates that he was aware of the alleged governmental interference on the date of the waiver colloquy, August 9, 1996, and certainly cognizant of the alleged misconduct when he informed his counsel of these matters on August 15, 1996. Appellant's Brief, Exhibit 6. Yet, Appellant failed to file his PCRA petition within sixty days of the interference or of his notification of counsel of the same. Indeed, Appellant's PCRA petition was not filed until November 12, 1997, fifteen months after the alleged interference. Thus, Appellant has failed to satisfy the requirements of (b)(1)(i) and (b)(2), and therefore, is not entitled to relief.

Based upon the dictates of the PCRA, it is clear that Appellant has failed to satisfy the PCRA's time requirements; thus, we have no jurisdiction to entertain the petition. *Commonwealth v. Banks*, 556 Pa. 1, 726 A.2d 374 (1999); *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998).

While we find that Appellant has failed to satisfy the time requirements of the PCRA, Appellant contends that this court should nevertheless reach the merits of his petition. In support thereof, Appellant offers seven arguments based on the legality of the amendments to the PCRA and other equitable considerations as to why the merits of his petition

should be addressed. We will consider these contentions seriatim.

■ Appellant first contends that application of the PCRA's time requirements would render the amendments unconstitutionally retroactive. The thrust of Appellant's argument is that the PCRA amendments, of which he had no notice, coupled with this court's determination that it would no longer employ the relaxed waiver rule, acts as an unconstitutional retroactive rule which denies Appellant a substantive review of his claims. Thus, Appellant asserts that his rights were impermissibly retroactively extinguished without notice, i.e., his due process rights were violated. In support of this contention, Appellant primarily relies upon the Court of Appeals for the Third Circuit's decision in *Burns v. Morton*, 134 F.3d 109 (3d Cir.1998).

■ Appellant's assertions, which intermix notions of notice and retroactivity, are without merit. Procedural due process requires, at its core, "adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Krupinski v. Vocational Technical School*, 544 Pa. 58, 674 A.2d 683, 685 (1996); *Lyness v. Commonwealth State Board of Medicine*, 529 Pa. 535, 605 A.2d 1204 (1992). With passage of the amendments to the PCRA, Appellant and his counsel were made aware of the PCRA's jurisdictional time restrictions. Thus, Appellant had adequate notice of the requirements of the PCRA. In his petition and on appeal to this court, Appellant had the opportunity to bring his petition within the parameters of the jurisdictional requirements of the PCRA, yet was unable to advance his claims accordingly. Thus, Appellant's procedural due process rights were not violated. Additionally, this court in *Peterkin* specifically rejected an attack of the PCRA time restrictions on due process grounds. *Peterkin*, 722 A.2d at 643 n. 8. The court noted that the time-for-filing restriction is reasonable, and therefore, does not run afoul of Appellant's due process rights.

In support of his due process claim, Appellant also offers that when his petition was filed, this court applied the "relaxed waiver" doctrine, and thus, he is entitled to appellate review. The answer to this contention is that this court has expressly found that the "relaxed waiver" doctrine will no longer be applicable in post conviction appeals and affords no relief in the context of an untimely PCRA petition. The issue before the court pertains to jurisdiction and not waiver, thus, Appellant's reliance on the "relaxed waiver" doctrine is misplaced. *Commonwealth v. Banks,* 556 Pa. 1, 726 A.2d 374, 376 (1999).

█ Further, Appellant's urgings that the time requirements are impermissibly retroactive are pure sophistry. First, the amendments to the PCRA do not act as a retroactive denial of rights. Appellant was not deprived of the opportunity to seek collateral relief. In fact, Appellant did so on three prior occasions. Moreover, if Appellant had not previously filed a petition for collateral relief, he would still have had a one-year window in which to file a petition under the PCRA. As noted above, the amendments provide for a one-year period in which to file a first petition in those instances in which final judgment predated the effective date of the amendments. Finally, even though Appellant has already filed previous PCRA petitions, the amendments to the PCRA allow for certain exceptions to the time limitations. Thus, Appellant's contention regarding retroactivity is without merit.

Finally, Appellant's reliance upon the Third Circuit's decision in *Burns* is misplaced. In *Burns,* the Third Circuit held that a petition for federal writ of habeas corpus is deemed to be filed at the moment a prisoner delivers it to prison officials for mailing. In dicta, the court noted that as part of the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a post-judgment one-year period of limitations applied to an application for a writ of habeas corpus. The effective date of the AEDPA was April 24, 1996. The *Burns* court found that applying the one-year requirement would have required Burns to have filed his habeas petition before September 21, 1996, one year after his judge-

ment became final, but less than five months after the effective date of the AEDPA's time restrictions. The *Burns* court determined that a petition filed on or before April 23, 1997, or one year from the effective date of the act, may not be dismissed for failure to comply with the act's time limitations. The court opined that to apply the one-year limitation to bar the filing of a habeas petition before April 24, 1997, where the conviction became final before April 24, 1996, would be impermissibly retroactive.

We believe that the decision in *Burns* affords Appellant no relief. First, it is axiomatic that decisions of our federal brethren are not binding on this court. *Commonwealth v. Clark*, 551 Pa. 258, 710 A.2d 31, 39 (1998). This is especially true where, as here, the Third Circuit was not interpreting the PCRA, but was addressing a federal statute. Additionally, the court's discussion regarding the one-year limitations period was not necessary to the Third Circuit's holding; it is mere obiter dicta.

As to the substance of the Third Circuit's analysis, it is critical to note that in fashioning its one-year rule, the *Burns* court was addressing the appellant's first petition for habeas corpus. Thus, the section of the AEDPA pertaining to the limited exceptions regarding a second or subsequent habeas corpus application was not applicable or at issue. In fact, the amendments to the PCRA actually impose a requirement similar to that found in *Burns*. As noted above, the PCRA allows for a petitioner's first PCRA petition to be filed within one year of the effective date of the amendments. As discussed above, this one-year provision did not apply to Appellant because he had already filed three previous petitions. Finally, even if we were to somehow adopt the *Burns* analysis, which we decline to do because it is inapposite to the case before us, Appellant would still not be entitled to relief. Appellant's petition was filed almost two years after the effective date of the amendments to the PCRA. Thus, the *Burns* court's one-year rule, prohibiting the barring of habeas petitions filed less than one year after the effective date of the AEDPA, where the prisoner's judgment became final before

the effective date of the AEDPA, is not applicable to Appellant.

We reassert that the General Assembly has not provided for an individual to file an unlimited number of petitions for collateral review. For first PCRA petitions, the General Assembly has provided for a one-year period subsequent to judgment in which to file for collateral relief. Additionally, for those whose judgments were final prior to the effective date of the amendments, but who had not filed an initial PCRA petition, the General Assembly granted a one-year period after the effective date of the amendments in which to file their first petitions. Thus, it is only a second or subsequent petition that must satisfy the exceptions contained in section (b)(1)(i)–(iii). This framework is reasonable and does not constitute an impermissible retroactive application of time restraints.

As a second ground for relief, Appellant attempts to invoke the principle of equitable tolling as a basis for this court to find that his petition is not untimely under the PCRA. Specifically, Appellant submits that he has diligently attempted to litigate his claims. Appellant offers that upon his decision to pursue collateral relief, he appealed the PCRA court's finding of waiver, filed a petition for writ of habeas corpus in the federal system, and filed the PCRA petition that is the basis of this appeal. Thus, Appellant contends that this is not a case in which he has "sat on his hands while his right to relief expired." Appellant's Reply Brief, p. 9. In support of his position, Appellant cites to *Lovasz v. Vaughn*, 134 F.3d 146 (3d Cir.1998). In that case, the time for filing a writ of habeas corpus in the federal system was tolled while a petitioner pursued his PCRA remedies in the Pennsylvania courts. According to Appellant, comity requires that the time for filing his PCRA petition be tolled while, as here, Appellant pursued his federal habeas corpus remedies.

This court has made clear that the time limitations pursuant to the amendments to the PCRA are jurisdictional. *Banks; Peterkin.* Although in a footnote, the court in *Peterkin* found

that nothing in Peterkin's circumstances would allow the application of equitable tolling, the issue of the availability of such equitable relief was not squarely addressed. *Peterkin,* 722 A.2d at 643 n. 7.

Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. *Accord Missouri v. Jenkins,* 495 U.S. 33, 45, 110 S.Ct. 1651, 109 L.Ed.2d 31 (1990)(statutory requirement that petition for certiorari be filed within 90 days of entry of judgment in lower court is mandatory and jurisdictional, and thus, the court has no authority to extend the period for filing except as legislature permits); *Zipes v. Trans World Airlines,* 455 U.S. 385, 392–93, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)(issue whether timely filing of EEOC charge is a jurisdictional prerequisite to Title VII suit in federal court or whether timely filing is subject to waiver, estoppel, and equitable tolling). Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)–(iii) and timely filing pursuant to (b)(2). As it has been established that the PCRA's time restrictions are jurisdictional, we hold that the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)–(iii).

Additionally, Appellant's argument, that because federal habeas corpus time requirements are tolled during state review, then the PCRA's time limitations are tolled during federal review, is without merit. In *Lovasz,* the Third Circuit held that a state petition for post-conviction relief tolled the time requirements for filing a writ of habeas corpus under 28 U.S.C. § 2254. *Lovasz* is easily distinguished. First, the *Lovasz* court was interpreting the AEDPA, which contains a specific section as to tolling. 28 U.S.C. § 2244(d). Section

2244(d) does not include for purposes of time computation the period during which a properly filed application for state post-conviction or other collateral review with respect to the judgment is pending. The PCRA contains no analogous provision regarding application for federal habeas corpus relief. Additionally, the *Lovasz* court emphasized that pursuant to the exhaustion doctrine, it was the policy of the federal system that the states should have the first opportunity to address and correct alleged violations of a state prisoner's federal rights, citing *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The same policy concerns are not implicated in the reverse situation. To allow tolling of the PCRA's time limitations where a writ for federal habeas relief has been filed would undermine the federal policy of initial state review, and in fact, would encourage initial review in the federal system. Appellant's equitable tolling argument is without merit.

 Appellant's third basis for relief is based on the premise that this court must consider the merits of a petitioner's claims if the petitioner makes a prima facie showing of a miscarriage of justice. According to Appellant, this is so even if the petition were untimely under the PCRA..

This court has determined that in reviewing claims for relief in a second or subsequent collateral attack on a conviction and judgment of sentence, the request will not be entertained unless a strong prima facie showing is demonstrated that that a miscarriage of justice occurred. *Commonwealth v. Lawson*, 519 Pa. 504, 549 A.2d 107 (1988). "An appellant makes such a prima facie case only if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes charged." *Commonwealth v. Morales*, 549 Pa. 400, 701 A.2d 516 (1997). However, the *Lawson* miscarriage of justice standard affords Appellant no relief in this case.

Again, Appellant fails to understand that this court in *Peterkin* clearly noted that the time requirements under the

amendments to the PCRA are jurisdictional. Thus, while the court would consider a timely petition under the *Lawson* standard, the court has no jurisdiction to address an untimely petition; Appellant's claims cannot be considered.

■ Appellant's fourth contention is that his petition cannot be barred as untimely because to do so would result in the execution of an illegal sentence of death. Appellant offers that even if untimely, a petitioner's claims will always be considered on the merits when the claims challenge the legality of the sentence. Appellant is mistaken. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto. *Commonwealth v. Chester,* 557 Pa. 358, 733 A.2d 1242 (1999). Thus, Appellant's contention is easily dismissed.

■ As a fifth basis for relief, Appellant submits that the claims contained in his petition cannot be barred as untimely because the failure to raise the claims earlier is a result of prior counsel's ineffective assistance. Appellant's argument has no merit. Our court in *Peterkin* expressly addressed this issue and stated that:

Peterkin's claim that his petition for post-conviction relief cannot be dismissed as untimely because it is couched in terms of ineffectiveness of counsel is without merit. We hold herein that the time restrictions for filing PCRA petitions are constitutional; that this petition is out of time; and that it does not meet any exceptions to the time-for-filing requirement. None of the claims in the petition, therefore, including the claim of ineffectiveness of counsel, is cognizable on collateral review.

*Peterkin,* 722 A.2d at 643 n. 5. Thus, we reiterate that a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits.

■ Next, Appellant argues that even if his claims are barred as untimely, his claims are entitled to review under our Commonwealth's writ of habeas corpus. In *Peterkin,* and more recently in *Chester,* this court explained that the PCRA

subsumes the writ of habeas corpus with respect to remedies offered under the PCRA. However, a writ for habeas corpus continues to exist as a separate remedy. Even so, the writ continues to exist as an independent basis for relief only in cases in which there is no remedy under the PCRA. In *Peterkin*, the court found that because the petitioner alleged violations of the constitution and of law which undermine the truth-determining process, his claims were cognizable under the PCRA.

■ While this Commonwealth's "Great Writ" holds a hallowed place in our jurisprudence, application for habeas relief does not assist Appellant. In the case *sub judice*, Appellant argues that previously litigated claims and waived claims are not cognizable under the PCRA, thus, they are cognizable pursuant to the writ of habeas corpus. Appellant's contention is without merit. Appellant confuses the issues of whether a claim satisfies the jurisdictional requirements of the PCRA, and whether the PCRA provides a remedy for such a claim. The PCRA provides a remedy for certain types of claims. 42 Pa.C.S. § 9543(a). Simply because a petition is not considered because of previous litigation or waiver does not alter the PCRA's coverage of such claims or make habeas corpus an alternative basis for relief. *Commonwealth v. Chester*, 733 A.2d at 1248.

■ Appellant also offers that his claims regarding sentencing, the validity of his waiver, and ineffective assistance of counsel are not cognizable under the PCRA; therefore, he is entitled to review of these claims pursuant to a writ of habeas corpus. First, this court has recently held that penalty phase claims are cognizable under the PCRA. *Commonwealth v. Chester*, 733 A.2d at 1248. Additionally, Appellant cannot now resurrect the issue of the validity of his prior waiver as this court finally adjudicated that claim. *Commonwealth v. Fahy*, 549 Pa. 159, 700 A.2d 1256 (1997). Last, a claim of ineffective assistance of counsel is explicitly recognized in the PCRA. 42 Pa.C.S. § 9543(a). Thus, as Appellant's premise that his claims fall outside of the reach of the PCRA is in error; his

assertion that he is entitled to review under the writ of habeas corpus is without merit.

In his final argument for review on the merits, Appellant offers that this court may review his petition by exercising its King's Bench powers. This court's King's Bench powers are, in sum, an exercise of power over inferior tribunals. In many respects it is similar to an exercise of extraordinary jurisdiction under 42 Pa.C.S. § 726. *In re: Assignment of Judge Bernard J. Avellino,* 547 Pa. 385, 690 A.2d 1138, 1140 (1997). Appellant fails to understand the basis for invoking this court's King's Bench powers. This court is currently entertaining Appellant's appeal, thus, exercise of the court's King's Bench powers is unnecessary. *Commonwealth v. Porter,* 556 Pa. 301, 728 A.2d 890, 1999 Pa. Lexis 669 (1999); *Commonwealth v. Appel,* 547 Pa. 171, 689 A.2d 891 (1997). Moreover, it goes without saying that this court's King's Bench powers do not constitute a vehicle by which we may circumvent the time requirements of the PCRA to reach the merits of an appeal. Appellant's request for assumption of the appeal under our King's Bench powers is rejected.

Having disposed of the arguments offered by Appellant, we hold that Appellant's petition was properly dismissed as untimely and that this court has no jurisdiction to review the merits of his petition.[9] The order of the PCRA court is hereby affirmed.

Justice NIGRO concurs in the result.

9. As noted above, this court determined in September 1997 that Appellant had knowingly renounced all collateral and appellate proceedings regarding his conviction and sentence. In the brief for Appellant, counsel for Appellant asserts that Appellant now wishes to pursue collateral review of his case. In support thereof, numerous exhibits, in the form of affidavits and statements, are attached to Appellant's brief which indicate that Appellant desires to seek collateral relief. The Commonwealth argues that Appellant has no right to file his PCRA petition in light of his formal waiver of all appellate and collateral proceedings. We need not address the issues of whether CLEADA attorneys have authority to file this fourth petition for collateral relief or whether Appellant did withdraw, or even may withdraw, his waiver of collateral and appellate proceedings at this juncture. Assuming, arguendo, that Appellant has now renounced his earlier waiver, as deter-

334

## *ORDER*

**AND NOW,** this 27th day of August, 1999, Appellant's "Application for Permission to File Supplemental Pleading and Motion for Remand to the Post Conviction Relief Act Court on the Basis of Newly Discovered Evidence" is hereby **DENIED.**

mined herein, Appellant is not entitled to relief as his petition is untimely.