J-S56012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CRAIG WAYNE RODNEY | |
| Appellant | No. 358 MDA 2014 |

Appeal from the PCRA Order February 11, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002927-2009

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED OCTOBER 07, 2014**

Appellant, Craig Wayne Rodney, appeals *pro se* from the order entered February 11, 2014, by the Court of Common Pleas of Lackawanna County, which denied Rodney's Post Conviction Relief Act[1] (PCRA) petition.  We affirm.

On February 3, 2010, Rodney entered a nolo contendere plea to one count of indecent assault on a person less than 13 years of age, in exchange for which all other pending charges were *nolle prossed*.  On May 13, 2010, the trial court sentenced Rodney to two and one-half to five years' incarceration.  Rodney filed a motion for reconsideration of sentence, which was denied on May 20, 2010.  Rodney did not file a direct appeal.

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 42 Pa.Cons.Stat.Ann. §§ 9541-9546

On January 3, 2013, Rodney filed a *pro se* Motion to Reinstate PCRA Rights. Kurt Lynott, Esquire, was appointed to represent Rodney. Appointed counsel subsequently filed a Petition to Withdraw and a **Turner/Finley** no-merit letter. On January 14, 2014, the PCRA court filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss Rodney's PCRA petition as untimely and granted counsel permission to withdraw representation. On February 11, 2014, the PCRA court dismissed Rodney's petition. This timely *pro se* appeal followed.

Rodney raises four issues on appeal. Preliminarily, we note that on March 4, 2014, the PCRA court directed Rodney file a Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal within 21 days of the date of the order. To date, Rodney has failed to comply with court's order. Rule 1925(b)(4)(vii) explicitly states that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Accordingly, we are constrained to find that Rodney's failure to comply with the PCRA court's Rule 1925(b) directive resulted in waiver[2] of all issues raised on appeal.[3]

_____

[2] As Rodney's court appointed counsel was granted permission to withdraw representation and Rodney has elected to proceed with this appeal *pro se*, he cannot benefit from the provision in Pa.R.A.P. 1925(c)(3), permitting an appellate court to remand where failure to file a concise statement is attributed to *per se* ineffective assistance of counsel.

[3] Even if we had not found the claims waived, Rodney would not be entitled to relief. His PCRA petition was patently untimely, **see** 42 PA.CONS.STAT.ANN.
*(Footnote Continued Next Page)*

Order affirmed.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/7/2014


---

*(Footnote Continued)* ————————————

§ 9545(b)(1), and he fails to properly plead any exception to the time bar. ***See*** 42 PA.CONS.STAT.ANN. § 9545(b)(1)(i)-(iii). His first claim is of ineffective assistance of counsel. ***See Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005) ("It is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."). In his second claim, consisting of just two sentences, he attempts to set forth the after-discovered evidence exception, ***see*** 42 PA.CONS.STAT.ANN. § 9545(b)(1)(ii), but fails to plead and prove that he filed his petition within 60 days when he discovered that the medical reports and rape kit "were ruled inconclusive." Appellant's Brief, at 11. In his third claim, he argues that the police violated his ***Miranda*** rights. This claim does not come within any of the timeliness exceptions of the PCRA and, in fact, would have been found waived in a first, timely filed PCRA petition as it could have been raised on direct appeal. ***See Commonwealth v. Elliott***, 80 A.3d 415, 427 (Pa. 2013). His fourth claim maintains that his sentence is illegal. ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). In actuality, it is a discretionary aspects of sentencing claim.