J-S64013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STEPHEN F. OROSZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SUPERINTENDENT WINGARD | |
| Appellee | No. 450 WDA 2014 |

Appeal from the Order March 4, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 14-002770

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 06, 2014**

Stephen F. Orosz appeals, *pro se*, from the order of the Court of Common Pleas of Allegheny County that dismissed his petition for writ of habeas corpus ad subjiciendum pursuant to Pa.R.C.P. 240(j).[1] We affirm the dismissal of the petition, although on other grounds.

On July 17, 1986, Orosz was found guilty of first-degree murder. The court denied his post-trial motions on October 22, 1987, and sentenced him to life imprisonment on November 12, 1987. On appeal, this Court affirmed his judgment of sentence. **Commonwealth v. Orosz**, 550 A.2d 251 (Pa. Super. 1988) (unpublished memorandum). Our Supreme Court denied his

_____

[1] Pa.R.C.P. 240(j)(1) provides that where simultaneous with the commencement of an action, a petitioner files for leave to proceed in forma pauperis, the court may dismiss the action if satisfied that the action is frivolous.

petition for allowance of appeal on April 3, 1989. ***Commonwealth v. Orosz***, 558 A.2d 531 (Pa. 1989). Orosz did not seek review in the United States Supreme Court.

Between 1997 and 2011, Orosz filed four petitions pursuant to the Post-Conviction Relief Act (PCRA),[2] all of which were dismissed. On February 19, 2014, he filed the instant writ of habeas corpus, which the trial court dismissed as frivolous by order dated March 4, 2014.

Orosz filed a timely appeal in which he raises the following issues for our review:

1. Did the court below abuse its discretion by failing to recognize a prima facie deprivation of a constitutional right?

2. Did the court below show a manifest abuse of discretion by dismissing [Orosz's] petition as frivolous and that habeas corpus is not an appropriate remedy?

3. Did the lower court abuse its discretion by making a prejudicial claim that has no verity and is contrary to the judicial proceedings under habeas corpus?

Brief of Appellant, at vii.

It is clear from the record that the trial court imposed a life sentence on Orosz on November 12, 1987. Accordingly, his argument that his sentence is non-existent or a nullity is without foundation. Rather, he is arguing that there is no statutory basis for his sentence, and therefore his sentence is illegal.

_____

[2] 42 Pa.C.S. §§ 9541-9546.

The PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies that exist for the same purpose when this subchapter takes effect, including habeas corpus and coram nobis." 42 Pa.C.S. § 9542. A claim that a sentence is "greater than the lawful maximum" is cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(vii).

Section 9545 of the PCRA provides that a first or subsequent petition must be filed within one year of the date the judgment becomes final. Here, Orosz's judgment of sentence became final on July 2, 1989, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal, when the time for seeking discretionary review in the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. Rule 13. However, the 1995 amendments to the PCRA provide that a petitioner whose judgment became final before the effective date of the act, would be deemed to have filed a timely petition if his first petition was filed within one year of the effective date of the act, which was January 6, 1996.[3] Therefore, Orosz had until January 16, 1997 to file his first or subsequent PCRA petition. Orosz filed the instant petition on February 19, 2014.

Because Orosz has not established that he is entitled to relief under the three exceptions set forth in Section 9545(b)(1)(i-iii) (interference by

---

[3] Section 3(1) of the Act of 1995 (Sec. Sess. No. 1), Nov. 17 P.L. 1118, No. 32.

government officials; newly discovered facts; newly recognized constitutional right deemed to apply retroactively), his petition is time-barred. Because of the time bar, the trial court lacked jurisdiction to consider the merits of Orosz's claims. ***See Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999).

Accordingly, while we agree with the trial court's decision to dismiss the petition, we do so on the grounds that the court lacked jurisdiction to consider the untimely petition. ***See Donnelly v, Bauer***, 720 A.2d 447, 454 (Pa. 1998) (appellate court can affirm on any basis).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/06/2014