J-S16015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOBAL R. RUIZ | |
| Appellant | No. 702 MDA 2014 |

Appeal from the PCRA Order March 31, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004826-2002
CP-06-CR-0005250-2002

BEFORE:  PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 02, 2015**

Appellant, Christobal R. Ruiz, appeals *pro se* from the order denying his petition pursuant to the Post Conviction Relief Act ("PCRA").  Ruiz argues that the PCRA court erred in concluding that none of his various allegations of ineffectiveness of counsel merited relief.  Of particular relevance to our resolution of this appeal, Ruiz asserts that PCRA counsel was improperly allowed to withdraw before the PCRA court.  After careful review, we vacate and remand for appointment of new PCRA counsel.

After a jury convicted Ruiz of burglary, the trial court imposed a life sentence pursuant to the Pennsylvania "three strikes law", 42 Pa.C.S.A. § 9714, concluding that Ruiz had two prior convictions for crimes of violence

and that a 25-year sentence was not adequate to protect the public. Ruiz filed post-sentence motions that the trial court denied.

Ruiz filed a timely notice of appeal, but counsel failed to file a timely concise statement of matters complained of on appeal, and this Court held all issues waived. Ruiz's counsel sought permission to file a concise statement *nunc pro tunc*, which the trial court denied. We affirmed the trial court's order, and the Supreme Court of Pennsylvania denied Ruiz's petition for allowance of appeal on March 2, 2006.

Shortly thereafter, Ruiz filed a *pro se* petition for PCRA relief. The PCRA court ultimately restored Ruiz's direct appellate rights *nunc pro tunc*. We affirmed the judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal on April 5, 2011.

On February 8, 2012, Ruiz filed the instant *pro se* PCRA petition. The PCRA court appointed counsel to represent Ruiz and counsel was given an opportunity to file an amended petition. Instead, on July 30, 2013, counsel sought leave of court to withdraw, opining that there were no meritorious issue of record. Ruiz filed a typewritten, single space, 30 page response to counsel's no-merit letter, requesting appointment of new counsel. The PCRA court granted counsel permission to withdraw, and dismissed Ruiz's petition. This timely appeal followed.

As noted previously, Ruiz raises a variety of issues with the PCRA court's decision. However, we will address only one issue, as we conclude

that Ruiz correctly identified, in his response to counsel's petition to withdraw, an issue of arguable merit raised by his *pro se* petition. As Ruiz is entitled to counsel, we remand for the appointment of new counsel to develop this issue, and independently review the other issues raised by Ruiz.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." ***Apprendi v. New Jersey***, 530 U.S. 466, 490 (2000). The United States Supreme Court has stated that "the statutory maximum for ***Apprendi*** purposes is the maximum sentence a judge may impose solely on the bases of the facts reflected in the jury verdict or admitted by the defendant." ***Blakely v. Washington***, 542 U.S. 296, 303-304 (2004). As early as 2004, this Court recognized that ***Apprendi*** and its progeny called the life sentence provisions of the three strikes law "into serious question." ***Commonwealth v. Guilford***, 861 A.2d 365, 376 n. 3 (Pa. Super. 2004).

In the instant *pro se* PCRA petition, Ruiz asserted that appellate counsel was ineffective, in 2008, for failing to argue that his life sentence violated his right to a jury trial. ***See*** PCRA petition, filed 10/25/10, at additional page 11, paragraph 3. Ruiz also advanced this argument in his letter in opposition to counsel's petition to withdraw. ***See*** Petitioner's Objections to Appointed Counsel's No-Merit Letter Seeking Leave to Withdraw From Case, filed 9/9/13, at 6.

We are unable to agree with appointed, now withdrawn, counsel and the PCRA court that this issue lacks arguable merit. The legality of the sentence imposed is a reviewable issue pursuant to a timely filed PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Furthermore, as set forth above, it is at the very least an open question whether the imposition of a life sentence under section 9714 violates a defendant's right to a jury trial under *Apprendi* and its progeny. Contrary to the PCRA court's discussion, this issue was not before the Pennsylvania Supreme Court in *Commonwealth v. Gordon*, 942 A.2d 174 (Pa. 2007).

> The Superior Court found no support in the record to conclude that Appellant, who would be at an advanced age upon completion of all his sentences, would be a threat to public safety upon completion of his various sentences and that issuing a life sentence was an abuse of discretion. Indeed, the Commonwealth conceded that the life sentence was unsupported by the record. As such, the life sentence was vacated, and the matter was remanded.[FN8]
>
> > FN8. Judge Todd filed a concurring memorandum in which she opined that the life sentence did not constitute an abuse of discretion; she found that the sentence imposed had sound reasoning. Nevertheless, Judge Todd concurred with the majority that the sentence should be vacated because, in her view, Appellant's argument was correct that Section 9714 violated the right to trial by jury under the *Apprendi* line of cases "to the extent that it permits a trial court to sentence a defendant to life imprisonment if the trial court, as opposed to a jury, determines that a sentence of twenty-five years imprisonment is insufficient to protect the public safety." Since Appellant's life sentence was vacated and Appellant did not pursue this argument in his Petition for Allowance of Appeal, the concerns raised in Judge Todd's concurring opinion are not at issue here.

*Id*., at 179.

- 4 -

As Ruiz has successfully established that appointed counsel was permitted to withdraw improperly, we remand for appointment of new counsel. Counsel is to develop this issue, as well as review the entire record and independently determine whether any other issues have arguable merit. Counsel may then pursue any appropriate action before the PCRA court.

Order vacated. Case remanded for appointment of new counsel and further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Olson joins in the memorandum.

Judge Ott concurs in the result.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/2/2015