J-S50025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SUEJUAN MARIE MOSLEY | |
| Appellant | No. 1683 MDA 2015 |

Appeal from the PCRA Order Entered August 18, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at Nos: CP-38-CR-0001276-2009, CP-38-CR-0002025-2009, and CP-38-CR-0000268-2010

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:            **FILED SEPTEMBER 13, 2016**

Suejuan Marie Mosley ("Appellant") *pro se* appeals from the August 18, 2015 order of the Court of Common Pleas of Lebanon County ("PCRA court"), which dismissed her request for collateral relief under the Post Conviction Relief Act[1] ("PCRA").  We affirm.

Although the present appeal does not require an exhaustive review of the facts, some context is necessary.  Following a jury trial on April 11, 2010, Appellant was found guilty of multiple offenses at action number CP-38-CR-0001276-2009 including, *inter alia*, manufacture, delivery, or

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-46.

possession with intent to deliver ("PWID"), criminal conspiracy, and possession of a controlled substance.[2] Later, on July 21, 2010, the lower court sentenced Appellant to an aggregate term of forty months' to eight years' incarceration.

The lower court subsequently held a bench trial for the charges levied against Appellant at action numbers CP-38-CR-0002025-2009 and CP-38-CR-0000267-2010.[3] On July 23, 2010, the court convicted Appellant of all charges and, on the same date, sentenced Appellant to three to ten years' incarceration at CP-38-CR-0002025-2009 with an additional two to five years' incarceration to run consecutively at CP-38-CR-0000267-2010. Appellant appealed the three judgments of sentence, but this Court dismissed the appeal after Appellant's appointed counsel failed to submit a brief on her behalf.

Seeking reinstatement of her appellate rights, Appellant filed a PCRA petition on September 16, 2011. After the PCRA court granted her relief on November 22, 2011, Appellant again sought review in this Court. We

_____

[2] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 903(a)(1), and 35 P.S. § 780-113(a)(16), respectively.

[3] As to CP-38-CR-0002025-2009, Appellant faced three counts of PWID and two counts of criminal use of communication facility as proscribed at 18 Pa.C.S.A. § 7512(a). The charges at action number CP-38-CR-0000267-2010 mirrored those found at CP-38-CR-0002025-2009 save for two counts of criminal conspiracy and one count of driving while operating privilege is suspended or revoked in violation of 75 Pa.C.S.A § 1543(a).

affirmed the judgments of sentence on July 25, 2012. *See Commonwealth v. Mosley*, 55 A.3d 147 (Pa. Super. 2012) (unpublished memorandum). On April 30, 2013, our Supreme Court denied Appellant's Petition for Allowance of Appeal. *See Commonwealth v. Mosley*, 65 A.3d 413 (Pa. 2013). Because Appellant did not seek an appeal to the Supreme Court of the United States, her sentence became final on July 29, 2013. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* U.S. Sup. Ct. R. 13 (stating that a party must "seek[] review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort . . . within [ninety] days after entry of the order denying discretionary review).

On May 15, 2015, Appellant filed the instant PCRA petition – her fifth at action numbers CP-38-CR-0002025-2009 and CP-38-CR-0000267-2010 and fourth at CP-38-CR-0001276-2009.[4] On July 22, 2015, the PCRA court issued an order indicating its intention to dismiss Appellant's petition pursuant to Pa.R.Crim.P. 907(1) and providing Appellant with twenty days to respond to the proposed dismissal. After Appellant failed to respond within the time allotted, the PCRA court dismissed Appellant's petition as untimely.[5] The present appeal then followed.

---

[4] The PCRA court dismissed each of Appellant's prior PCRA petitions.

[5] After the PCRA court dismissed Appellant's instant petition, it received evidence suggesting that Appellant had given her response to the court's intention to dismiss to prison authorities within the time specified in the July 22 order. The PCRA court thus requested in its 1925(a) opinion that we
*(Footnote Continued Next Page)*

Appellant purports to raise eight issues on appeal. Appellant's Brief at 4. However, an examination of Appellant's brief reveals a narrow focus on the PCRA petition's underlying merits.[6] Having dismissed Appellant's petition as untimely, the PCRA court never addressed the petition's merits. As a result, the single question for our review is whether the PCRA court properly dismissed Appellant's petition as untimely. *See Commonwealth v. Sattazahn*, 869 A.2d 529, 532-33 (Pa. Super. 2005). For such an inquiry, our standard of review is whether the PCRA court's findings are free of legal error and supported by the record. *Commonwealth v. Martin*, 5 A.3d 177, 182 (Pa. 2010) (citation omitted).

A court cannot entertain a PCRA petition unless the petitioner has first satisfied the applicable filing deadline. Section 9545(b) of the PCRA specifies the following requirements for a PCRA petition to be considered timely:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

remand this case for a determination whether Appellant had filed a timely response under the "prisoner mailbox rule." PCRA Court Opinion, 9/29/15, at 3. Our disposition of the present appeal, however, obviates any need for a remand.

[6] We also note that all but one of the issues presented in Appellant's brief do not fall within the ambit of the PCRA.

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b). The limitation established by Section 9545 is jurisdictional in nature and "implicat[es] a court's very power to adjudicate a controversy." *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (citing *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999)). The time for filing can only be extended by a petitioner satisfying one of the exceptions listed in Section 9545(b)(1)(i)-(iii). *Id*. Accordingly, courts are without power to "fashion *ad hoc* equitable exceptions to the PCRA time-bar." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

As stated above, Appellant's judgment of sentence became final on July 29, 2013. Consequently, Appellant had until July 29, 2014 to file for collateral relief. Because Appellant did not file her instant PCRA petition until May 15, 2015, it is facially untimely.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citations omitted). In this case, Appellant alleges that she was unaware of the facts underlying one of her claims and thereby calls upon the exception located at Section 9545(b)(1)(ii). *See* Appellant's Brief at 13. Before Appellant may avail herself of this exception, she must first establish that the facts upon which the claim is predicated were unknown and that she could not have ascertained those facts by the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (internal citations and quotations omitted).

In the present case, Appellant merely asserts that "newly discovered evidence," in the form of an affidavit from an Angela Snipes, establishes that Appellant was not in Lebanon County at the time of her offenses. Appellant's Brief at 13. However, Appellant does not claim that she was ignorant of the facts to which Ms. Snipes has now attested. Appellant likewise fails to indicate that she undertook any efforts to ascertain the supposedly unknown facts. *Cf. Bennett*, 930 A.2d at 1272; *see also Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) ("Due diligence demands that the petitioner take reasonable steps to protect his own interests."). Accordingly, the record clearly supports the PCRA court's determination that Appellant has not satisfied the requirements to circumvent the PCRA's one-year time limitation.

In sum, Appellant filed her present PCRA petition more than a year after her sentence became final. She likewise has not proven an exception to the PCRA's timeliness requirements. The PCRA petition was therefore untimely and the PCRA court properly dismissed it.

Order affirmed.

Judge Mundy did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2016