JUSTICE MUNDY, Dissenting
In the instant matter, Peterson filed his first PCRA petition untimely, albeit, by one day. In Commonwealth v. Fahy , 737 A.2d 214 (Pa. 1999), this Court made clear "jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." Id. at 222. This Court further emphasized that "[u]nlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute." Id. Thus, this Court has continued to hold the PCRA time bar is absolute and there are no ad hoc equitable exceptions. See Commonwealth v. Eller , 807 A.2d 838, 845 (Pa. 2002) (holding "[t]he PCRA confers no authority upon this Court to fashion ad hoc equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act[ ]"). "By placing strict time limitations on the process, it is clear that the Legislature intended that there be finality to the collateral review process." Commonwealth v. Bennett , 930 A.2d 1264 (Pa. 2007).
In Bennett , the defendant filed a timely first PCRA petition, which was denied by the PCRA court. Thereafter, Bennett filed a timely notice of appeal in Superior Court, which dismissed Bennett's appeal because counsel did not file a brief on his behalf. Bennett , 930 A.2d at 1266. In response, Bennett filed a second PCRA petition, alleging that PCRA counsel was ineffective for not filing a brief in Superior Court, and seeking reinstatement of PCRA appeal rights nunc pro tunc . Id. at 1266-67. The PCRA court agreed, granted Bennett's second petition, and reinstated his PCRA appeal rights. Id. at 1267. Bennett filed a notice of appeal nunc pro tunc . However, the Superior Court quashed his appeal, concluding that his second PCRA petition was untimely filed and the PCRA court lacked jurisdiction to conclude PCRA counsel was ineffective and reinstate Bennett's *1133 PCRA appeal rights. Id. This Court vacated and remanded, concluding that Bennett's second petition was timely filed under the newly-discovered fact exception and that the PCRA court did have jurisdiction to conclude prior counsel was ineffective.
To the extent that Peterson may be granted relief on his second untimely PCRA petition in the nature of a finding of ineffective assistance of counsel, as was Bennett, he is ultimately not entitled to consideration of the merits of his first petition. The circumstances in Bennett are distinguishable as Bennett merely sought appellate review of his timely PCRA petition.[1] However, there is no mechanism for Peterson to raise the underlying claims set forth in his first petition because the General Assembly, in Section 9545, divested the PCRA court of jurisdiction over his first untimely PCRA petition. However inequitable the result, the General Assembly has made clear the time bar is absolute and there are no exceptions outside those recognized at Section 9545(b)(1)(i)-(iii). See Fahy , 737 A.2d at 222. As the General Assembly has the exclusive authority to define the parameters of post-conviction relief, I would hold this Court is constrained by the PCRA and cannot create exceptions to the time bar. See 42 Pa.C.S. § 9542. Therefore, I dissent.

The Majority opinion concedes that the PCRA court in Bennett had jurisdiction and that the PCRA court in this case did not. Majority Op. at 1130, n.4. This is not a difference without distinction, but instead eviscerates the jurisdictional requirement of Section 9545 that a PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final, in favor of a rule that guarantees merits review.