[J-69-2022] [OISA: Mundy, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 10 WAP 2022 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered December |
| | : | 23, 2020 at No. 176 WDA 2020, |
| v. | : | affirming the convictions and |
| | : | vacating the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| RYAN MICHAEL DUNN, | : | Allegheny County entered |
| | : | September 11, 2019 at No. CP-02- |
| Appellant | : | CR-0014780-2018, and remanding. |
| | : | |
| | : | ARGUED:  October 26, 2022 |

## OPINION IN SUPPORT OF AFFIRMANCE

**CHIEF JUSTICE TODD**                                        **DECIDED:  June 23, 2023**

I join Justice Mundy's Opinion in Support of Affirmance ("OISA"), except for Part IV(b).  On the question of whether Dunn was prejudiced by the Commonwealth's violation of Pa.R.Crim.P. 573, I conclude he has failed to demonstrate that prejudice.

In his principle brief to this Court, Dunn contends that, because of the Commonwealth's late disclosure of Jamie Mesar's expert report, he was unable to conduct his own research on her opinions; unable to effectively cross-examine her; unable to determine whether to retain his own expert; unable to challenge the admissibility of Mesar's opinions; unable "to meaningfully reflect upon and evaluate how the expert's proposed testimony could bear upon all of the facts"; and was diverted from other last-minute trial preparation issues.  Dunn Brief at 50-51 (emphasis omitted).  Further, because, in his view, the report was overly generic, Dunn contends he was unable to monitor the scope of Mesar's testimony.  *Id.* at 51-52.  Yet, having gone to trial and having

seen Mesar's actual testimony, Dunn has had time to "reflect" on it, and yet he does not describe, in any detail, what he would have done differently had he been given proper notice and what he viewed as a compliant report. For example, he does not proffer research that would have undermined Mesar's testimony; provide questions he would have asked on cross examination or suggest which parts of her testimony were inadmissible or irrelevant. It is true that, after being criticized by the Commonwealth for these lapses, *see, e.g.*, Commonwealth Brief at 28 ("Dunn contends that he might have been able to counter Mesar's testimony better had he had earlier notice of it, but he does not specifically say how that would have been accomplished, instead relying on vague assertions . . . ." (emphasis omitted)), Dunn attempts to provide some such detail in his reply brief. In my view, however, that effort was too late. *See* Pa.R.A.P. 2113(a) ("the appellant may file a brief in reply to matters raised by appellee's brief . . . *and not previously addressed in appellant's brief*." (emphasis added)); *Commonwealth v. Fahy*, 737 A.2d 214, 218 n.8 (Pa. 1999) ("a reply brief cannot be a vehicle to argue issues raised but inadequately developed in appellant's original brief"); *Michael G. Lutz Lodge No. 5, of Fraternal Ord. of Police v. City of Philadelphia*, 129 A.3d 1221, 1226 n.5 (Pa. 2015) (same). Accordingly, on this basis, I agree with the OISA that Dunn is not entitled to a new trial.