# Commonwealth v. Messner

*Eugene M. Talerico Jr., first assistant district attorney,* for Commonwealth.

*Keith A. Messner,* pro se.

MINORA, *J.,* December 17, 2010—The issue before the court is defendant's redundant petition for post-conviction relief based upon the imposition of a sentence greater than the lawful maximum sentence allowed by law, ineffective assistance of counsel, and a plea of guilty unlawfully induced.

## FACTUAL AND PROCEDURAL HISTORY

In August of 1997, the 36-year-old defendant took a 15-year-old victim to a hotel room. While in the room, defendant asserted that he could make her have an orgasm by performing sexual acts on her. Afterwards, defendant touched the victim's breasts and vagina, and performed oral intercourse on her.

Based on this incident, the commonwealth charged the defendant with involuntary deviate sexual intercourse,

aggravated indecent assault, statutory sexual assault, corruption of minors, and indecent assault.

In 1999, defendant and the commonwealth reached an open plea agreement in which defendant would plead guilty to statutory sexual assault and corruption of minors, while the other charges would be dismissed at sentencing. In addition, the commonwealth agreed not to object to defendant's request that the court impose his convictions to run concurrently. Although this court accepted the guilty plea, it declined to sentence the defendant concurrently and on December 16, 1999, imposed consecutive sentences of 30 to 84 months' imprisonment for statutory sexual assault and 18 to 36 months for corruption of minors. Defendant filed a motion for reconsideration of sentence, which was denied.

Defendant then filed a pro se motion to withdraw his guilty plea and vacate sentence, followed by a pro se PCRA petition. Defendant's appellate counsel filed a direct appeal to the Superior Court challenging the sentence. The Superior Court remanded the case to this court with direction to convene an evidentiary hearing on defendant's petition to withdraw his guilty plea. Before the hearing could take place, however, defendant fell ill with cancer and filed first a motion for continuance and later a petition to withdraw his motion to withdraw his guilty plea. This court granted the petition to withdraw and no hearing convened.

Meanwhile, defendant's PCRA petition, filed in 2000, lay dormant until 2005 when defendant filed an amended PCRA petition. In June of 2006 this court held an eviden-

tiary hearing to determine whether defendant's petition to withdraw his motion to withdraw his guilty plea was meant to withdraw the PCRA petition as well. Although the lapse of time between PCRA filings appeared to indicate defendant intended to withdraw the PCRA when he withdrew his motion to withdraw his guilty plea, this court decided to give the benefit of the doubt to the defendant. Despite the possible violation of procedural requirements, this court allowed the petition to proceed on the merits. This court then denied the petition on December 13, 2006. Defendant appealed the PCRA order denying relief on January 5, 2007, but the decision was affirmed by the Superior Court on May 1, 2008.

On June 17, 2010, defendant filed a second PCRA petition, pro se, based upon the imposition of a sentence greater than the lawful maximum sentence allowed by law, ineffective assistance of counsel, and a plea of guilty unlawfully induced.

## LEGAL STANDARD

A defendant seeking post-conviction relief must file his or her petition within one year of the date the judgment becomes final, unless one of the statutory exceptions apply. See 42 Pa. C.S.A. § 9545(b)(1); Pa.R.Crim.P. 901. The law regarding this one-year limitation is clear. The one-year limitation is jurisdictional in nature, and the defendant's failure to comply therewith precludes the court from addressing the merits of the issues raised by the defendant in his/her petition. See *Commonwealth v. Fahy*,558 Pa. 313, 737 A.2d 214 (Pa. 1999). *This applies to initial, second, or subsequent petitions.* See *Id.* (em-

phasis added) A court may not examine the merits of a petition for post- conviction relief that is untimely. See *Commonwealth v. Abu-Jamal*, 833 A.2d 719 (Pa. Super. 2003), cert. denied, 541 U.S. 1048 (2004).

Furthermore, neither a showing of prejudice by the commonwealth nor a hearing is required before a petition under PCRA is dismissed due to petitioner's failure to meet the jurisdictional requirement of provisions setting forth time limits for petitions. *Commonwealth v. Burton,* 936 A.2d 521 (Pa. Super. 2007), appeal denied, 959 A.2d 927 (Pa. 2008).

## LEGAL ANALYSIS

Defendant's current petition, filed on June 17, 2010, was filed well beyond the one-year time limitation for filing a PCRA petition established by statute. The Superior Court affirmed this court's denial of defendant's first PCRA petition on May 1, 2008. Defendant had until May 31, 2008 to petition the Supreme Court for allowance of appeal. Pa.R.A.P. 1113. Defendant voluntarily took no action. Judgment therefore became final on June 1, 2008, and the clock for the one-year time limitation on PCRA petitions began to run. The one-year period expired on June 1, 2009. Defendant filed his second PCRA petition on June 17, 2010, over a year after the limitation had expired and more than two years chronologically beyond the final date of June 1, 2008.

Defendant's petition acknowledges that it was filed outside the one-year statutory limit, but contends that the following 42 PA.C.S. §9545(b)(1) statutory exceptions to the one-year time limitation apply:

(i)  The failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the constitution or laws of this commonwealth or constitution or laws of the United States.

(ii)  The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.

(iii) The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

First, defendant alleges that the failure to raise a claim previously was the result of interference by government officials with the presentation of this claim in violation of the constitution or laws of this commonwealth or constitution or laws of the United States. Defendant alleges this exception by checking a box on a form PCRA petition and fails to allege any facts which would support this claim. There is absolutely no allegation of interference by government officials that would have prevented defendant from timely bringing this current petition during the one-year time period from June 1, 2008 to June 1, 2009. Furthermore, counsel is not a "government official" under this exception. 42 PA.C.S. § 9545(b)(4). This exception is therefore inapplicable to the defendant's current petition.

Next, defendant alleges the facts upon which his current claim for relief is predicated were unknown to him during the one-year time limitation and could not have

been ascertained by the exercise of due diligence. Again, defendant alleges this exception by checking a box on a form PCRA petition and totally fails to allege any facts whatsoever which would support this claim. Defendant raises three grounds for relief:

(1) The common law doctrine of merger should have been applied to the sentences imposed, and therefore, his sentence was greater than the lawful maximum allowed by law.

(2) Ineffective assistance of counsel for failure to investigate the defense, for coercing a guilty plea, and failing to file a motion to withdraw the plea despite requests by defendant.

(3) This court accepted a coerced plea of guilty when defendant professed his innocence on the record in court.

Without addressing the merits of these grounds, defendant has alleged absolutely no facts to show that these three claimed exceptions were not and could not have been known by the defendant within the one-year time period from June 1, 2008 to June 1, 2009. All three alleged claimed exceptions arose on or before defendant's sentencing on December 16, 1999. Therefore, any facts supporting these alleged exceptions were either known by the defendant during the one-year time period, or could have been ascertained by the defendant since sentencing and certainly within the time period by the exercise of due diligence. This exception is therefore inapplicable to the defendant's current petition.

Finally, defendant alleges the rights asserted in this current petition are constitutional rights that were recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the one- year time period and has been held by that court to apply retroactively. Once again, defendant alleges this exception by checking a box on a form PCRA petition and fails to allege any supporting facts to this claim. Defendant does not allege there has been any change in the law between June 1, 2009, the last day within the one-year time period, and June 17, 2010, the day defendant filed this current petition. This exception is therefore inapplicable to the defendant's current petition.

## CONCLUSION

The filing of defendant's second PCRA petition is untimely and any of his unsupported arguments of exception to this time limitation are unsupported, inapplicable, and/or untimely. Therefore, this court lacks subject matter jurisdiction by statute to consider this petition on the merits. Accordingly, defendant's petition for post-conviction relief is dismissed and denied. An appropriate order will follow.

## ORDER

And now, December 17, 2010, it is hereby ordered and that the above-captioned defendant's petition for relief pursuant to the Post Conviction Relief Act is dismissed and denied.