J-S70039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERTO A. TAPIA | |
| Appellant | No. 1694 EDA 2015 |

Appeal from the PCRA Order May 18, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0006457-2009

BEFORE:  DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 17, 2015**

Roberto A. Tapia appeals from the order entered in the Court of Common Pleas of Bucks County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Upon review, we affirm.

Tapia forced his stepdaughter to engage in non-consensual intercourse multiple times when she was between the ages of ten and fourteen.  On January 7, 2010, Tapia entered a guilty plea to one count of rape of a child,[2] two counts of involuntary deviate sexual intercourse,[3] and one count of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3121(c).

[3] 18 Pa.C.S. § 3123.

statutory sexual assault.[4]  On May 19, 2010, Tapia was sentenced to ten to twenty years' incarceration for rape of a child followed by five to ten years' incarceration for involuntary deviate sexual intercourse.  Tapia did not file a direct appeal.

Tapia filed a PCRA petition on February 11, 2011 and counsel was appointed.  Following a hearing on July 27, 2011, the PCRA court denied the petition.  This Court affirmed the PCRA court's decision on January 11, 2013.  *See Commonwealth v. Tapia*, 64 A.3d 274 (Pa. Super. 2012) (unpublished memorandum). Thereafter, the Pennsylvania Supreme Court denied allowance of appeal.

On April 13, 2015, Tapia filed a second PCRA petition, which is the subject of the instant appeal.  The PCRA court provided Tapia with a notice of intent to dismiss the second petition pursuant to Pa.R.Crim.P. 907 on April 24, 2015, and dismissed the petition on May 18, 2015.  This timely appeal followed, in which Tapia makes various ineffective assistance of counsel claims and asserts that he was sentenced to an unconstitutional mandatory minimum sentence.[5]

---

[4] 18 Pa.C.S. § 3122.1.

[5] We note that Tapia's brief fails to follow the format set forth in Pa.R.A.P. 2111, including the lack of a separate statement of the questions involved. This does not affect our decision, however, since we dispose of this matter on jurisdictional grounds as discussed *infra*.

- 2 -

Our standard and scope of review of the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

Before we may consider the merits of Tapia's claims, however, we must consider whether this appeal is properly before us.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted). Although the legality of a sentence may always be raised under the PCRA, such "claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

Tapia was sentenced on May 19, 2010, and did not file a direct appeal. Thus, Tapia's judgment of sentence became final on June 18, 2010, when his time to file a notice of appeal to this Court expired. *See* Pa.R.A.P. 903. Tapia had one year from that date to file a PCRA petition, specifically, until June 18, 2011. However, Tapia filed the instant PCRA petition on April 13, 2015, such that the PCRA petition is untimely on its face. Thus, the PCRA court lacked jurisdiction to review the PCRA petition unless Tapia pled and proved one of the statutory exceptions to the time-bar.[6]

Here, Tapia made no attempt to plead or prove any of the PCRA untimeliness exceptions. Therefore, the trial court had no jurisdiction to

---

[6] The three statutory exceptions for an untimely petition under the PCRA consist of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception pursuant to the statute must "be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

consider Tapia's petition and properly dismissed it. ***Jones***, ***supra***; ***Fahy***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2015