J-S09029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN CHANDLER | |
| Appellant | No. 1903 EDA 2016 |

Appeal from the PCRA Order entered May 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0500021-1990

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 19, 2017**

Appellant, Nathan Chandler, appeals *pro se* from the May 13, 2016 order entered by the Court of Common Pleas of Philadelphia County, dismissing as untimely his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual and procedural background is undisputed.  Briefly, Appellant filed the instant petition on August 10, 2015, approximately 23 years after his judgment of sentence became final on November 8, 1992 (*i.e.*, ninety days after his petition for allocatur to the Pennsylvania Supreme Court was denied).  Despite the facial untimeliness, Appellant argues his

_____

[*] Retired Senior Judge assigned to the Superior Court.

PCRA petition qualifies for the timeliness exception set forth in § 9545(b)(1)(ii) based on his reading of **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015). Appellant's Brief at 8-11. In Appellant's view, **Hopkins** rendered his sentence unconstitutional and illegal. **Id.**

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **See Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) (consideration of **Brady** claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the

legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing *Commonwealth v. Fahy,* 737 A.2d 214, 223 (1999)).

As noted, Appellant argues that *Hopkins* qualifies as an exception to the one-year filing deadline under 42 Pa.C.S.A. § 9545(b)(1)(ii). We discern several flaws in Appellant's argument. In *Hopkins*, the Pennsylvania Supreme Court held that 18 Pa.C.S.A. § 6317, which required a mandatory minimum sentence if certain controlled substances crimes occurred within 1,000 feet of a school, was unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). *Hopkins*, 117 A.3d at 249. *Hopkins* was decided on direct appeal, and did not mandate its application to post-conviction proceedings. *Id.* Even if the Supreme Court had said its ruling applied to post-conviction proceedings, Appellant failed to explain how *Hopkins* would be relevant here, since his case does not involve Section 6317. Thus, Appellant's reliance on *Hopkins* is misplaced.

It should also be noted that *Hopkins* is an application of *Alleyne*. *Alleyne*, however, is not applicable to the instant matter because Appellant's case was at the collateral stage when *Alleyne* was decided on June 23, 2013, and *Alleyne* does not apply retroactively to cases on collateral review. *See Commonwealth v. Washington,* 142 A.3d 810, 820

- 3 -

(Pa. 2016) ("We hold that *Alleyne* does not apply retroactively to cases pending on collateral review[.]"). "If [*Alleyne*] does not apply retroactively, then a case extending [*Alleyne*] should not apply retroactively." *Walker v. United States*, 810 F.3d 568, 575 (8th Cir. 2016).

Finally, even if application of *Alleyne* was not precluded under *Washington*, Appellant would not be entitled to the benefits of *Alleyne.* The mandatory minimum sentence imposed on Appellant under 42 Pa.C.S.A. § 9715[1] would not be affected by *Alleyne* because the fact of his prior conviction was not required to be submitted to the jury and found beyond a reasonable doubt before forming the basis of a mandatory minimum sentence. *See Alleyne*, 133 S.Ct. at 2160 n.1. Indeed, in fashioning the rule announced in *Alleyne*, the Supreme Court expressly declined to revisit

_____

[1] Section 9715, in relevant part, reads:

> **(a) Mandatory life imprisonment.--**Notwithstanding the provisions of section 9712 (relating to sentences for offenses committed with firearms), 9713 (relating to sentences for offenses committed on public transportation) or 9714 (relating to sentences for second and subsequent offenses), any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary.

42 Pa.C.S.A. § 9715(a). Here, the trial court imposed a mandatory life sentence under Section 9715 because Appellant had a prior conviction for third-degree murder. *See* Trial Court Opinion, 5/13/16, at 1 n.2.

its holding in ***Almendarez-Torres v. United States***, 523 U.S. 224 (1998), wherein it endorsed the application of provisions that increase the penalty for a crime based upon the fact of a prior conviction. ***See Alleyne***, 133 S.Ct. at 2160 n.1.

Because Appellant's facially untimely petition fails to invoke a valid exception to the timeliness requirements of the PCRA, and because ***Hopkins*** does not apply retroactively on collateral review, Appellant is not entitled to relief. Therefore, the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017