J-S24024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT PAYNE | |
| Appellant | No. 1132 WDA 2016 |

Appeal from the PCRA Order entered July 13, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0007237-2004

BEFORE:  PANELLA, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 14, 2017**

Appellant, Robert Payne, appeals *pro se* from the July 13, 2016 order entered in the Court of Common Pleas of Allegheny County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant argues the PCRA court erred in denying his PCRA petition as untimely.  We disagree.  Accordingly, we affirm the order.

The underlying facts and procedural history are undisputed.  Briefly, following a jury trial, on October 26, 2006, Appellant was sentenced to an aggregate term of imprisonment of 21-50 years in connection with several

_____

[*] Former Justice specially assigned to the Superior Court.

sexual offenses involving an 11-year-old girl.[1]  Appellant timely appealed to this Court, but the appeal was discontinued on May 24, 2007. Subsequently, Appellant filed his first timely PCRA petition, which the PCRA court dismissed on July 31, 2009.  On appeal, we affirmed the dismissal on September 13, 2010.  *See Commonwealth v. Payne*, No. 1499 WDA 2009 (Pa. Super. filed September 13, 2010).  On August 19, 2015, Appellant filed the instant PCRA petition, which the PCRA court dismissed on July 13, 2016. This appeal followed.

Appellant argues the PCRA court erroneously dismissed the instant PCRA petition as untimely.[2]  In his view, the instant petition is timely under *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (holding that a jury must find beyond a reasonable doubt any fact increasing a mandatory minimum sentence), in light of *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). We disagree.

---

[1] Appellant was convicted of rape of a child, 18 Pa.C.S.A. § 3121(c), involuntary deviate sexual intercourse with a child, 18 Pa.C.S.A. § 3123(b), aggravated indecent assault, 18 Pa.C.S.A. § 3125, statutory sexual assault, 18 Pa.C.S.A. § 3122.1, indecent assault, endangering the welfare of a child, 18 Pa.C.S.A. § 4304(a), and corruption of minors, 18 Pa. C.S.A. § 6301.

[2] Appellant raises additional claims of illegality of sentence and ineffective assistance of counsel.  Appellant's Brief at 4.  Because, as explained below, we conclude the instant PCRA petition is untimely, we will not address the merits of the petition.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999)).

As noted, Appellant argues the PCRA court erroneously dismissed the instant PCRA petition as untimely. Appellant avers that the instant petition is timely under **Alleyne** in light of **Montgomery**. The claim is without merit. It is well-established that **Alleyne** does not apply retroactively to cases, like the instant one, pending on collateral review. **See Commonwealth v. Washington,** 142 A.3d 810, 819-20 (Pa. 2016). Appellant's judgment of sentence was final before the United States Supreme Court handed down **Alleyne**; therefore, **Alleyne** does not apply to his case. Because **Alleyne** does not apply to Appellant's case, his sentence is not illegal. **Id.** at 815 ("[I]f a new constitutional rule does not apply, it cannot render an otherwise final sentence illegal.").

Similarly, **Montgomery** is of no help to Appellant's timeliness argument. In **Montgomery**, the Unites States Supreme Court held that **Miller v. Alabama**, 132 S.Ct. 2455 (2012)[3] established a new substantive rule that, under the United States Constitution, must be retroactive in cases on state collateral review. **Montgomery**, 136 S.Ct. at 736. However, there is nothing in **Montgomery** that could support Appellant's claim that **Alleyne** is applicable retroactively to matters pending on collateral review. Additionally, Appellant does not argue he has a claim under **Miller**.

---

[3] In **Miller**, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." **Miller**, 132 S.Ct. at 2460.

Accordingly, because neither **Alleyne** nor **Montgomery** provides any support for Appellant's timeliness argument, we must conclude that the PCRA court correctly found the instant petition untimely. Because the instant petition is untimely, we cannot review the merits of Appellant's contentions. **See Chester**, **supra** (courts have no jurisdiction to review the merits of an untimely PCRA petition); **Fahy**, 737 A.2d at 224 (same).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2017