J-S17030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT THOMAS | |
| Appellant | No. 2983 EDA 2016 |

Appeal from the PCRA Order entered September 9, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0006925-1981

BEFORE: OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.: **FILED JUNE 29, 2017**

Appellant, Vincent Thomas, appeals from the September 9, 2016 order entered in the Court of Common Pleas of Delaware County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

The underlying facts and procedural history of the case are not at issue here. Briefly, Appellant, who was in his early thirties at the time he committed the crimes giving rise to the instant matter,[1] after being found guilty by a jury, was sentenced to an aggregate term of imprisonment of 12-40 years on October 1, 1982. **See Commonwealth v. Thomas**, 499 A.2d

_____

[1] The record shows Appellant was born on June 30, 1949, and that he committed the crimes at issue here on October 22, 1981 and November 15, 1981, when he was over 32 years old.

501, 503-04 (Pa. Super. 1984). Appellant timely appealed to this Court. On direct appeal, we affirmed. *Id*. at 508. The Supreme Court denied Appellant's petition for *allocatur* on September 18, 1984. **See Commonwealth v. Thomas**, 835 EDA 1999 and 836 EDA 1999, unpublished memorandum at *2 (Pa. Super. filed July 18, 2000). Subsequently, Appellant "has filed numerous petitions challenging the judgment of sentence pursuant to the [PCRA]." Appellant's Brief at 5. More recently, Appellant filed the instant PCRA petition on March 2016, which the PCRA court denied on September 9, 2016. PCRA Court Opinion, 10/14/16, at 3. This appeal followed.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the

merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady* claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (1999)).

As noted above, the instant PCRA petition was filed over 30 years after his judgment of sentence became final. As such, the instant petition is facially untimely. To overcome the untimeliness of his petition, Appellant argues that his sentence is illegal under *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), and *Miller v. Alabama*, 132 S.Ct. 2455 (2012),[2] and that *Montgomery* and *Miller* qualify as an exception to the timeliness requirement under 42 Pa.C.S.A. § 9545(b)(1)(iii) (relating to new

_____

[2] In *Miller*, the U.S. Supreme Court held that "*mandatory life without parole* for those *under the age of 18 at the time of their crimes* violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." *Miller*, 132 S.Ct. at 2460 (emphasis added). In *Montgomery*, the U.S. Supreme Court held that *Miller* was a new substantive rule that, under the United States Constitution, must be retroactive in cases on state collateral review. *Montgomery*, 136 S.Ct. at 736.

constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the expiration of the standard deadline). Specifically, according to Appellant, *Montgomery* announced a new constitutional rule that is retroactive and applicable to him. Appellant also contends that the new constitutional rule announced in *Montgomery* "is not applicable to juvenile offender[s] only but to any and all United States [c]itizen[s] serving an unconstitutional, illegal or unlawfully imposed" sentence. Appellant's Brief at 7. We disagree.

Appellant is not entitled to any relief under *Miller*/*Montgomery*. As properly noted by the PCRA court, "because Appellant is neither serving a sentence of mandatory life sentence, nor was he a juvenile at the time that [he committed the crimes]," PCRA Court Opinion, 10/14/16 at 5, *Miller* does not apply. *See Miller*, 132 S.Ct. at 2460. Because Appellant has no claim under *Miller*, *Montgomery* does not affect the timeliness of his petition. We, therefore, conclude, the PCRA court properly denied the instant petition as untimely.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2017