J-S37004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES JOHN INGRAHAM | |
| Appellant | No. 1919 MDA 2016 |

Appeal from the PCRA Order entered November 3, 2016
In the Court of Common Pleas of Berks County
Criminal Division at Nos: CP-06-CR-0002228-2013, CP-06-CR-0002516-
2009, CP-06-CR-0002226-2013

BEFORE: STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 21, 2017**

Appellant, James John Ingraham, appeals from the November 3, 2016 order entered in the Court of Common Pleas of Berks County, dismissing his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we affirm.

The underlying factual and procedural background is undisputed. Appellant was convicted of multiple crimes, as a result of raping several young girls, including his biological daughter. Following the entry of a plea agreement, Appellant was sentenced as follows: (1) Docket number 2516-2009: On October 30, 2009, Appellant was sentenced to 8 to 16 years' imprisonment, followed by 15 years' probation; (2) Docket number 2226-2013: On June 10, 2013, Appellant was sentenced to 8 to 16 years' imprisonment, followed by 15 years' probation, to be served consecutively to

the sentence imposed at docket number 2516-2009; Docket number 2228-2013: On June 10, 2013, Appellant was sentenced to 8 to 16 years' imprisonment, followed by 15 years' probation, to be served concurrently with the sentence imposed at docket number 2226-2013. Appellant did not appeal any of his sentences.

On June 1, 2015, Appellant filed the instant PCRA petition, his first. After appointing counsel, the PCRA court granted counsel's petition for withdrawal, and, on November 3, 2016, dismissed Appellant's first PCRA petition as untimely. This appeal followed.

As discussed below, Appellant does not establish the timeliness of the instant petition. Appellant merely argues the merits of his petition. For the reasons stated below, we conclude Appellant's PCRA petition is untimely and therefore he is not entitled to a review of the merits of his petition.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to

address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***See Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008) (consideration of ***Brady*** claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. ***See Commonwealth v. Holmes***, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999)).

As noted, Appellant does not specifically address the timeliness of the underlying PCRA petition. He seems to imply that because he is challenging the legality of his sentence under ***Alleyne***,[1] the challenge is not subject to time restrictions. ***Alleyne***, however, is of no help to Appellant. It is well-established that ***Alleyne*** does not apply retroactively to cases, like the instant one, pending on collateral review. ***See Commonwealth v.***

_____

[1] ***Alleyne v. United States***, 133 S. Ct. 2151 (2013) (holding that a jury must find beyond a reasonable doubt any fact increasing a mandatory minimum sentence).

*Washington,* 142 A.3d 810, 819-20 (Pa. 2016). Additionally, as the PCRA court noted, *Alleyne* is not applicable here because Appellant was not sentenced to mandatory minimum sentences. *Alleyne*, *supra*. Finally, to insure that the PCRA timeliness requirements were met, Appellant should have filed the instant petition within 60 days of *Alleyne*. *See* Pa.C.S.A. § 9545(b)(2). He did not.[2] Accordingly, because *Alleyne* does not provide any support for Appellant's timeliness argument, we must conclude that the PCRA court correctly found the instant petition untimely.[3] Because the instant petition is untimely, we cannot review the merits of Appellant's contentions. *See Chester*, *supra* (courts have no jurisdiction to review the merits of an untimely PCRA petition); *Fahy,* 737 A.2d at 224 (same).

_____

[2] *Alleyne* was decided on June 17, 2013. Appellant filed the instant PCRA petition on June 1, 2015.

[3] Appellant's conviction at Docket number 2516-2009 became final at the expiration of the time for filing a direct appeal, *i.e.*, November 30, 2009. Accordingly, Appellant had one year from that date to file a timely PCRA petition (*i.e.*, November 30, 2010). Appellant's convictions at Docket numbers 2226-2013 and 2228-2013 became final at the expiration of the time for filing a direct appeal, *i.e.*, July 10, 2013. Accordingly, Appellant had one year from that date to file a timely PCRA petition (*i.e.*, July 10, 2014). Appellant filed the underlying PCRA on June 1, 2015. The petition is clearly facially untimely. Additionally, as explained, Appellant failed to prove any of the exceptions apply. The instant PCRA petition is therefore untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/21/2017</u>