J-S10025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TARIQ MAVEN | |
| Appellant | No. 2125 EDA 2018 |

Appeal from the PCRA Order entered June 28, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003598-2011

BEFORE:  GANTMAN, P.J.E., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED MAY 16, 2019**

Appellant, Tariq Maven, appeals from the order of the Court of Common Pleas of Philadelphia County, which dismissed his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background of the instant matter can be summarized as follows.  On November 30, 2012, Appellant entered into a negotiated plea to third-degree murder, conspiracy, and firearms not to be carried without a license, in exchange for a total sentence of 25 to 50 years' imprisonment.  The same day, the trial court accepted Appellant's plea and

_____

[*] Retired Senior Judge assigned to the Superior Court.

imposed the negotiated sentence. Appellant did not file any post-sentence motions or a direct appeal.

Subsequently, Appellant filed PCRA petitions in 2013, 2015, and 2016, all of which were unsuccessful. On October 24, 2017, Appellant filed his fourth PCRA petition. After the PCRA court dismissed it on January 18, 2018, Appellant appealed to this Court. We dismissed the appeal on May 10, 2018 for failure to file briefs.

On April 6, 2018, while the appeal from the denial of the fourth petition was still pending, Appellant filed another PCRA petition, his fifth. The PCRA court dismissed the petition on May 4, 2018.

On May 21, 2018, Appellant filed a PCRA petition, his sixth, in which he alleged that he learned through a March 6, 2018 news article that Detective Philip Nordo was included on a list of police officers the Philadelphia District Attorney's Office declined to call as witnesses.[1] Appellant argued that the disclosure of the list established a newly-discovered fact exception to the general rule on timeliness. After allowing counsel to amend the May 21, 2018 petition, on May 31, 2018, the PCRA court issued a notice of intention to dismiss to which Appellant responded, alleging one new claim.

The PCRA Court denied the amended PCRA petition (including the new claim) on June 28, 2018. This appeal followed.

---

[1] According to Appellant the news was relevant because "Detective Nordo improperly provided money to an incarcerated witness and deliberately misrepresented facts that led to his arrest and prosecution." PCRA Court Opinion, 6/28/18, at 3.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady*[2] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted).

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

We must first determine whether the instant petition is timely. As noted above, Appellant filed the instant petition in 2018, more than five years after his judgment of sentence became final.[3] As such, the instant petition is facially untimely.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant argues he meets the requirements of the newly-discovered fact exception, codified in 42 Pa.C.S.A. § 9545(b)(1)(ii). The newly-discovered fact exception requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017).

The newly-discovered fact alleged here is a news article, published on March 6, 2018, discussing that Detective Philip Nordo was included on a list

---

[3] As noted, Appellant pled guilty and was sentenced on November 30, 2012. His judgment of sentence became final thirty days later, on January 2, 2013, when his time for direct filing expired. *See* Pa.R.A.P. 903(a), 1 P.S. § 1908.

of police officers that the Philadelphia District Attorney's Office would not call as witnesses due to "credibility issues." In addressing this claim, the PCRA court noted that Detective Nordo's termination was first publicized on August 23, 2017. The instant petition was filed on May 21, 2018, approximately nine months later, which is well beyond the sixty-day deadline set forth in Section 9545(b)(2).[4, 5] The instant petition is therefore untimely.[6] Accordingly, we

---

[4] In his brief, Appellant argues that he had no basis to know that Detective Nordo's termination, as publicized in August 2017, had something to do with his inclusion in the "do not call list." In other words, Appellant argues that the newly-discovered fact is the news of the inclusion in the "do not call list," whereas the news of Detective Nordo's termination for "misconduct and other conflict of interest," Appellant's Brief at 6, is not relevant for determining the timeliness of the instant petition. Throughout the brief, however, it is clear that the thrust of the allegations is not a challenge to Detective Nordo's credibility in general, but the unsupported allegation that Detective Nordo engaged in some "misconduct" in Appellant's case as he did in those cases giving rise to Detective Nordo's termination. As noted, however, Detective Nordo's termination for "misconduct and other conflict of interest" was in the news as early as August 2017. *See* Appellant's Brief at 12-13.

[5] Section 9545(b)(2) was recently amended to enlarge the deadline from sixty days to one year. However, the amendment applies only to claims arising on or after December 24, 2017. Because Appellant's claim arose on August 23, 2017, when Detective Nordo's termination was first publicized, Appellant is subject to the 60-day rule.

[6] The PCRA court also noted that Appellant

provided no evidence of what role, if any, Detective Nordo had in the homicide investigation. Instead, he baldly asserts that Detective Nordo was involved in substantiating the basis of the probable cause to arrest and that facts were misrepresented in that process but fails to provide evidence corroborating his assertion. [Appellant] also has not developed how the evidence of Detective Nordo's alleged misconduct that occurred in 2015

- 5 -

conclude that the PCRA Court properly dismissed the instant PCRA petition as untimely to the extent it relied on the March 6, 2018 news article. *See* PCRA Court Opinion, 6/28/18, at 5.

In his response to the notice of intention to dismiss, Appellant argued that the Commonwealth violated *Brady*[7] by failing to disclose that no affidavit of probable cause or arrest warrant existed for Appellant. The PCRA court cogently dismissed the claim. *See* PCRA Court Opinion, 6/28/18, at 8. Briefly, Appellant failed to prove the fact (*i.e.*, lack of affidavit of probable cause or warrant) was concealed from Appellant. In addition, Appellant failed to explain: (i) how proof of a warrantless arrest would be exculpatory or (ii) what kind of evidence it would provide. Finally, Appellant could not be prejudiced by not receiving materials that do not exist. *Id.* We agree with the PCRA court's analysis and conclusions.

---

would be relevant or admissible to the events of [Appellant]'s case that occurred in 2010.

PCRA Court Opinion, 6/28/18, at 6. We agree. Thus, even if timely raised, we would have found the issue waived for failure to develop it adequately. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of [an appellate court] to formulate [a]ppellant's arguments for him.") (internal citations omitted).

[7] To establish a *Brady* violation, appellant must demonstrate: (1) the prosecution concealed evidence; (2) the evidence was either exculpatory or impeachment evidence favorable to him; and (3) he was prejudiced. *See*, *e.g.*, *Commonwealth v. Treiber*, 121 A.3d 435, 460-61 (Pa. Super. 2015).

Order affirmed.

Judge Colins joins.

President Judge Emeritus Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/19