J-S21009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOSE LAGARES | |
| Appellant | No. 1115 EDA 2018 |

Appeal from the PCRA Order entered March 22, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0013446-2009

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.: **FILED JULY 29, 2019**

Appellant, Jose Lagares, *pro se* appeals from the order of the Court of Common Pleas of Philadelphia County entered March 22, 2018, which dismissed his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The factual and procedural background of the instant appeal is not in dispute. Briefly, Appellant shot his ex-girlfriend in the face and shoulder, causing serious bodily injury. On June 15, 2010, Appellant pled guilty to attempted murder, possessing an instrument of crime, and a violation of the Uniform Firearms Act. On September 15, 2010, Appellant was sentenced to an aggregate term of imprisonment of 20 to 50 years. The trial court denied Appellant's timely motion for reconsideration on September 23, 2010. Appellant did not file a direct appeal.

On September 14, 2011, Appellant filed his first PCRA petition. On January 31, 2014, the PCRA court issued a notice of its intention to dismiss the petition. On February 19, 2014, Appellant responded to the notice by requesting more time. The PCRA court dismissed Appellant's first PCRA petition on March 4, 2014.

On March 9, 2016, Appellant filed the instant PCRA petition alleging the governmental interference exception to the one-year general time bar rule. On February 1, 2018, the PCRA court issued a notice of its intention to dismiss Appellant's second PCRA petition. On March 22, 2018, the PCRA court dismissed Appellant's second PCRA petition as untimely. This appeal followed.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first

determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady*[1] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted).

As noted above, Appellant filed the instant petition on March 9, 2016, approximately six years after his judgment of sentence became final.[2] As such, the instant petition is facially untimely.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this

_____

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] As noted, Appellant pled guilty and was sentenced on September 15, 2010. Appellant filed a motion for reconsideration, which the trial court denied on September 23, 2010. Appellant did not file a direct appeal. Accordingly, his judgment of sentence became final on October 23, 2010, when his time for filing a direct appeal expired. *See* Pa.R.A.P. 903(a), 1 P.S. § 1908.

- 3 -

exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3]

Appellant argues the PCRA court engaged in governmental interference by failing to dispose of a motion in which he asked the PCRA court for (i) an extension of time to answer to the Rule 907 notice and/or (ii) an extension of time to appeal the March 4, 2014 order denying Appellant's (first) PCRA petition.

Governmental interference requires Appellant to plead and prove by a preponderance of the evidence that the government interfered with a petitioner's ability to present his or her claim and that the petitioner was duly diligent in seeking the facts on which the claims are based. *See*, *e.g.*, *Commonwealth v. Edmiston*, 65 A.3d 339 (Pa. 2013). Appellant's argument consists of an unsupported and unexplained allegation of governmental interference. Appellant fails to describe in any meaningful way how the trial court's failure to rule on his motion affected him. Additionally, the record itself is devoid of any evidence of interference by anyone. In fact, the record shows that Appellant was able to present his claim. If anything, the instant petition is proof of no interference from anyone, let alone the PCRA court.

---

[3] Section 9545(b)(2) was recently amended to enlarge the deadline from sixty days to one year. However, the amendment applies only to claims arising on or after December 24, 2017. Because Appellant's claims pre-dated the amendment, Appellant is subject to the 60-day rule.

Additionally, a defendant who seeks post-conviction review of an untimely petition based on claims of government interference has 60 days after the discovery of the information to file his or her petition and must plead and prove that the information could not have been discovered earlier with the exercise of due diligence.

Here, by his own admission, Appellant was aware of the PCRA court's failure to address his motion as of June 20, 2014. Appellant's Brief at 11. Yet, Appellant did nothing for 20 months, until he decided to file the instant petition (March 9, 2016). Thus, we agree with the PCRA court that "[t]he unexplained approximately 20-month delay defeats [Appellant]'s assertion that he acted diligently in protecting his rights and ultimately defeats his claim to fit an exception to the time-bar." PCRA Court Opinion, 8/13/18, at 5.

In light of the foregoing, we conclude that the PCRA court properly found the instant PCRA petition untimely.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/29/19