J-S35030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ILYAS ABDUL HADI | |
| Appellant | No. 3395 EDA 2018 |

Appeal from the PCRA Order entered September 28, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0808601-2006

BEFORE:  OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 19, 2019**

Appellant, Ilyas Abdul Hadi, appeals from the September 28, 2018 order of the Court of Common Pleas of Philadelphia County, which denied his request for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background of the instant appeal is not at issue here.  Briefly, on November 16, 2007, following a jury trial, the trial court sentenced Appellant to, *inter alia*, a mandatory life sentence without parole for the murder of Tito Lomax.  We affirmed the judgment of sentence on July 14, 2009.  ***See Commonwealth v. Hadi***, No. 186 EDA 2008, unpublished memorandum (Pa. Super. filed July 14, 2009).  The Supreme

_____

* Retired Senior Judge assigned to the Superior Court.

Court denied Appellant's petition for allowance of appeal on March 10, 2010. *See Commonwealth v. Hadi*, 454 EAL 2009 (Pa. 2010).

On November 16, 2017, Appellant *pro se* filed the underlying PCRA petition. He subsequently retained counsel, who filed an amended PCRA petition titled "Habeas Corpus Motion for Relief Pursuant [to] 42 Pa.C.S. § 6501 & §6502," alleging ineffective assistance of trial counsel.

The PCRA court treated the amended filing as a PCRA petition and dismissed it as untimely on September 28, 2018. This appeal followed.

Appellant argues that the PCRA court improperly treated his claim of ineffective assistance of counsel as a PCRA petition as opposed to a *habeas corpus* petition. On the merits, Appellant argues that counsel was ineffective for not challenging the reasonable doubt jury instruction given at his trial. We disagree. Accordingly, we affirm.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[1]

---

[1] Section 9545(b)(2) was recently amended to enlarge the deadline from sixty days to one year. However, the amendment applies only to claims arising on or after December 24, 2018.

"The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady*[2] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v. Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999)).

It is well established that the PCRA subsumes all other post-conviction remedies, including *habeas corpus* and *coram nobis* (**see** 42 Pa.C.S.A. § 9542), that the writ of *habeas corpus* can be used only when there is no available remedy under the PCRA (**see**, **e.g.**, *Commonwealth v. Judge*, 916 A.2d 511 (Pa. 2007)), and that claims of ineffective assistance of counsel

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

squarely fall within the purview of the PCRA (**see** 42 Pa.C.S.A. § 9543(a)(2)(ii)). Accordingly, Appellant's argument that his *habeas* petition is not a PCRA petition is devoid of any support in the law.

Appellant in addition argues that the PCRA court should have treated his claim as a petition for *habeas corpus* because otherwise he would not be able to prove the timeliness of his claim under the PCRA. In other words, Appellant argues that unless his claim is treated as a *habeas corpus* petition he would not have any remedy to rectify counsel's ineffectiveness. As also noted by the Commonwealth, this argument "confuses the issue of whether a claim satisfies the jurisdictional requirements of the PCRA, and whether the PCRA provides a remedy for such a claim." **Commonwealth v. Fahy**, 737 A.2d 214, 224 (Pa. 1999). Simply because Appellant is unable to meet the jurisdictional requirements of the PCRA does not mean that there are no remedies under the PCRA or that *habeas corpus* proceedings become an alternative basis for relief. **Id.**

The instant petition is facially untimely and Appellant does not allege, let alone prove, the applicability of any exception to the time-bar. Indeed, Appellant readily admits the instant petition is untimely under the PCRA. **See** Writ of *Habeas Corpus*, 5/21/18, at 6; Appellant's Brief at 10. Accordingly, we have no jurisdiction to entertain the merits of the underlying petition, and we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/19