J-A11023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARIO CASANOVA-LANZO | : | |
| | : | |
| Appellant | : | No. 1448 MDA 2025 |

Appeal from the PCRA Order Entered October 2, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001530-2013

BEFORE:  BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY NEUMAN, J.:                    **FILED: JUNE 5, 2026**

Appellant, Mario Casanova-Lanzo, appeals *pro se* from the October 2, 2025 order denying, as untimely, his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's convictions are not germane to the issues raised on appeal.  This Court set forth the relevant procedural history in our decision affirming the denial of his first PCRA petition, as follows:

> On September 20, 2018, a jury convicted [Appellant] of first-degree murder and burglary.  [Appellant] was subsequently sentenced to an aggregate term of life in prison without parole, plus 3½ to 10 years' imprisonment.  [Appellant] filed a timely notice of appeal[,] and this Court affirmed his judgment of sentence.  *See Commonwealth v. Casanova-Lanzo*, 217 A.3d 368 (Pa. Super. 2019) ([unpublished memorandum]).  [Appellant] filed a petition for allowance of appeal, which our Supreme Court denied on September 4, 2019.  *See Commonwealth v. Casanova-Lanzo*, 217 A.3d 800 (Pa. 2019) (Table).
>
> On November 24, 2019, [Appellant], acting *pro se*, filed [his first] PCRA petition.  The PCRA court appointed counsel who, on January

30, 2020, filed an application to withdraw based upon [Appellant]'s desire to proceed *pro se*. The PCRA court conducted a **Grazier**[1] hearing, after which it granted counsel's application to withdraw and permitted [Appellant] to proceed *pro se*. On January 12, 2021, [Appellant], *pro se*, filed an amended PCRA petition. On July 22, 2021, the PCRA court conducted an evidentiary hearing, after which it ordered additional briefing from the parties. After the parties filed their respective briefs, the PCRA court denied [Appellant]'s PCRA petition on December 13, 2021.

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[Appellant], *pro se*, filed a timely notice of appeal and a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

**Commonwealth v. Casanova-Lanzo**, No. 12 MDA 2022, unpublished memorandum at 2-3 (Pa. Super. filed Dec. 13, 2022) (one footnote omitted; some formatting altered). After this Court affirmed the PCRA court's denial of Appellant's petition on appeal, **see id.**, Appellant thereafter unsuccessfully litigated a petition for writ of *habeas corpus* in federal court.

On June 18, 2025, Appellant filed his second, *pro se* PCRA petition. On July 16, 2025, the PCRA court ordered the Commonwealth to file a response within forty-five (45) days, and the Commonwealth timely complied on August 13, 2025. On September 11, 2025, the PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, as it was untimely and failed to satisfy any of the timeliness exceptions under 42 Pa.C.S. § 9545(b)(i)-(iii). Appellant submitted a response, which was not received by the Lancaster County Clerk of Courts or the trial court until October 2, 2025, despite being timely filed under the prisoner mailbox rule on September 25, 2025. **See** Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of

the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."); *see also* PCRA Court Opinion, 12/2/25, at 2 (PCRA court's acknowledging Appellant's response to the Rule 907 notice was timely). On October 2, 2025, prior to receiving Appellant's response, the PCRA court issued an order dismissing his petition.

Appellant filed a timely, *pro se* notice of appeal on October 17, 2025. The court thereafter ordered him to file a Rule 1925(b) concise statement of errors complained of on appeal on October 21, 2025, and he timely complied on November 7, 2025.

On appeal, Appellant states six issues for our review, which we reproduce verbatim:

1. Was the response to the Notice 907 timely filed?

2. Was the Petitioner's Second PCRA within one (1) year from the after result of Government interference and After Discovered Facts obtained by Due Diligence, requirements applied on Pa.C.S.A. § 9545(b)(1)(i)(ii)?

3. Was the Government interference by the Commonwealth under the Pennsylvania Pa.C.S. § 9545(b)(1)(i)?

4. Was the Court of Common Pleas of Lancaster County in violation of the Petitioner's Rights under Pa.R.Crim.P. Rule 600(A)(2)(a), to a Speedy Public Trial?

5. Was the Petitioner prevented from filing timely due to suppressed evidence and misrepresentation of his mental state. Government mismanagement and strategy of incompetency ruling, prolonged incarceration without adjudication causing State Procedural Default?

6. Was the Court of Common Pleas of Lancaster County in violation of the Petitioner's Sixth Amendment Rights of the Constitution of the United States, The right to a Speedy Trial and Due Process of Law?

Appellant's Brief at 7-8.

Initially, we note Appellant fails to adhere to the Rules of Appellate Procedure, as he fails to include a Summary of Argument, *see* Pa.R.A.P. 2118, and the Argument portion of his brief is not "divided into as many parts as there are questions to be argued[,]" Pa.R.A.P. 2119(a).  Nevertheless, as we can discern, and meaningfully consider, the arguments Appellant raises, we will proceed with our review.

Our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).  Typically, we must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.  ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007).  However, before addressing the timeliness of Appellant's petition, we preliminarily consider Appellant's complaint the PCRA court dismissed his petition without first considering his response to the court's Rule 907 notice. Although Appellant's response was timely filed pursuant to the prisoner mailbox rule as set forth *supra*, our independent review of Appellant's Rule 907 response reveals he merely reiterates the arguments presented in his second PCRA petition.  As discussed *infra*, these claims do not meet any

- 4 -

exception to the timeliness requirement under 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Further, Appellant does not explain why the PCRA court's conclusion would have been different had it considered his response prior to denying his petition. As the PCRA court waited the requisite 20 days before dismissing Appellant's PCRA petition, and Appellant has not demonstrated he was prejudiced by the PCRA court's failure to consider his response to the Rule 907 notice prior to denying his petition, Appellant is not entitled to relief on this basis.

We next review the timeliness of Appellant's petition. Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in Section 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>>
>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>>
>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or

the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Moreover, in regard to the newly-discovered-fact exception, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted).

Here, Appellant's judgment of sentence became final on December 4, 2019, ninety days after our Supreme Court denied his petition for allowance of appeal and the time expired for him to file a petition for writ of certiorari with the United States Supreme Court. **See** U.S. Sup. Ct. R. 13(1) (stating "a petition for a writ of certiorari to review a judgment in any case … is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). Therefore, Appellant had until December 4, 2020, to file a timely petition, making his petition filed in June of 2025 patently untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove he meets one of the exceptions to the timeliness requirements set forth in Section 9545(b). For the following reasons, he fails to meet this burden.

Appellant argues he meets the governmental interference exception of Section 9545(b)(1)(i) and the newly-discovered-fact exception of Section 9545(b)(1)(ii) based on psychiatric reports related to his competency prior to trial. According to Appellant, the trial court, Commonwealth, and his own counsel withheld from him psychiatric reports by Dr. Jerome Gottlieb, Dr. Babatunde Adetunji, and Dr. Zoë Selhi. *See* Appellant's Brief at 18, 25. Appellant contends that information in these reports demonstrates he was actually competent during time periods when the Commonwealth and/or trial court delayed his trial based on his alleged incompetency, and Rule 600 was violated as a result. *See id.* at 15-19.[1] Appellant further alleges he exercised due diligence in obtaining these reports by filing multiple motions requesting discovery before the trial court, this Court, and the federal district court between November 2020 and November 2023. *Id.* at 15, 18-19.

In dismissing Appellant's petition as untimely, the PCRA court reasoned as follows:

> [Appellant] argues that his PCRA petition is timely under the exceptions for governmental interference and newly discovered facts. [Appellant] specifically alleges that the Commonwealth and Court of Common Pleas withheld facts, [*i.e.*,] his psychiatric reports, that "could not have been uncovered earlier despite due diligence." PCRA Petition, [6/18/25, at] 11. The newly[-]discovered[-]facts exception "has two components, which must be alleged and proved. Namely[,] the petitioner must establish that (1) the *facts* upon which the claim was predicated were

---

[1] We note that Appellant does not clearly state which of the many psychiatric reports conducted between early 2014 through 2018 he is referencing in support of this contention.

*unknown*, and (2) could not have been ascertained by the exercise of *due diligence*." … **Bennett**, 930 A.2d [at] 1272 … (emphasis in original). The focus of the exception is "on [the] newly discovered *facts*, not on a newly discovered or new willing source for previously unknown facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (emphasis in original). Furthermore, the due diligence required need not be "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Commonwealth v. Burton**, 121 A.3d 1063, 1071 (Pa. Super. 2015).

[Appellant] claims these reports contained vital information necessary to file a timely PCRA petition. These reports, performed by Dr. Gottlieb on several occasions leading up to trial, found [Appellant] to be incompetent. It should be noted that Dr. Gottlieb was the defense psychiatric expert. A competency hearing was held on September 26, 2016, where Dr. Gottlieb's September 2016 psychiatric report was at issue. There, [Appellant]'s trial counsel and the court referred to the report multiple times, including a lengthy recitation from a page of Dr. Gottlieb's report. [N.T. Pre-Trial Competency] Hearing[, 9/26/16, at] 7-9. [Appellant] was in the room for this hearing, and as such was obviously aware of the nature and contents of the report. As such, [Appellant] has failed to prove that these facts were unknown to him and that they could not have been ascertained through due diligence.

Next, in order to meet the statutory requirements of the governmental interference exception, … [Appellant] is required to plead and prove that his "failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth, [or] of the Constitution or the laws of the United States." 42 Pa.C.S.[] § 9545(b)(1)(i). In other words, … [Appellant] is required to show that, but for the interference of a government actor, "he could not have filed his claim earlier." **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008).

[Appellant] claims there has been governmental interference by the Commonwealth and the courts withholding these reports and denying [Appellant]'s access to them. Again, these reports were [Appellant]'s own mental health records and were available to him if he requested them from the evaluators. Therefore, [Appellant]

had other avenues, through his own trial, appellate, and collateral counsel, with which to request this information; the Commonwealth and the Court of Common Pleas were not the only means of receiving these reports. Thus, [Appellant] has not established that he acted with due diligence in attempting to obtain these reports.

Rule 907 Notice, 9/11/25, at 4-6 (unnecessary capitalization omitted).

We agree with the trial court that Appellant has failed to establish the applicability of any timeliness exception. As this Court previously explained in our disposition of Appellant's appeal from the denial of his first PCRA petition, Dr. Gottlieb conducted evaluations of Appellant in February and May of 2014, and April of 2015. *See Casanova-Lanzo*, No. 12 MDA 2022, unpublished memorandum at 11 (citation to the record omitted). At a competency hearing in May of 2015, Dr. Gottlieb testified that at each of these evaluations, he found Appellant to be incompetent to stand trial. *Id.* Furthermore, "[i]n September 2016, January 2017, [and] January 2018, Dr. Gottlieb still found [Appellant] incompetent to stand trial." *Id.* (citation to the record omitted). Based on the delays caused by Appellant's incompetency during this time, there was no Rule 600 violation in bringing him to trial in September of 2018. *See id.* (citation omitted).

Appellant now seems to assert that reports from Dr. Adetunji and Dr. Selhi reveal they found Appellant to be competent, in conflict with Dr. Gottlieb's reports. First, we conclude Appellant has failed to demonstrate that the facts upon which he relies are newly discovered. In Appellant's supplemental brief filed with the PCRA court in support of his first PCRA petition, Appellant included a civil complaint he purportedly filed against Dr.

Gottlieb in 2021.  *See* Supplemental Brief Exhibit M, 11/9/21, at 1-10.  In this complaint, Appellant referred throughout to "Norris Town State Hospital" and Dr. Adetunji's finding that Appellant was competent, which he claims contradicted a report by Dr. Gottlieb.  *Id.* at 5, 6, 8.  As such, Appellant was clearly aware, by at least 2021, of the existence of Dr. Adetunji's report which allegedly determined he was competent in contradiction to the findings contained in Dr. Gottlieb's reports.

Moreover, even if we accepted this information as being newly-discovered by Appellant, he would be unable to prove he could not have obtained these reports sooner in the exercise of due diligence.  While Appellant contends the Commonwealth, trial court, and his counsel withheld these reports from him, he has failed to establish that he *himself* made any effort to contact Dr. Adetunji, Dr. Selhi, Dr. Gottlieb, or any other evaluator or medical facilities, to obtain his own medical reports and records.  Thus, Appellant cannot meet the newly-discovered-fact exception as he has failed to demonstrate he acted with due diligence.  Similarly, as these reports were medical records belonging to Appellant, and were equally as available to him as they were to the Commonwealth, trial court, and/or counsel had he contacted the evaluators or facilities, he has failed to establish that the failure to raise the claims previously was the result of interference by government officials.  Therefore, he cannot satisfy the timeliness exceptions under Section 9545(b)(1)(i)-(ii).

Finally, regarding either the newly-discovered-fact or governmental-interference exception, Appellant cannot prove he has met the one-year requirement of Section 9545(b)(2). Appellant acknowledges the Commonwealth answered his discovery request, turning over all reports/records in its possession, on December 21, 2023. Appellant's Brief at 11, 28; *see also id.* at Exhibit 37. The Commonwealth also insists it turned over all records/reports to Appellant by January 2, 2024, at the latest. *See* Commonwealth's Answer to PCRA Petition, 8/13/25, at 2 ("[Appellant] sought a writ of *habeas corpus* in the United States District Court for the Eastern District Court of Pennsylvania. This petition was denied on September 17, 2024. During the litigation, [Appellant] filed a motion for discovery including all psychiatric reports. This motion was denied as moot on January 2, 2024, as the Commonwealth had provided [Appellant] all responsive documents in its possession."); Commonwealth's Brief at 8 ("[T]he record in the United States District Court reflects that the Commonwealth turned over all the information [Appellant] was seeking by January 2, 2024, when [the court] denied his motion for discovery."). Thus, Appellant was in possession of all the psychiatric reports by at least January of 2024, yet he did not file the instant PCRA petition until June 18, 2025, more than seventeen months later. Appellant's petition is therefore untimely.[2]

_____

[2] To the extent Appellant alleges he satisfies the one-year requirement of Section 9545(b)(2) because the U.S. District Court denied his writ of *habeas*
*(Footnote Continued Next Page)*

As Appellant has not demonstrated any of the timeliness exceptions apply, we conclude the PCRA court properly dismissed his second PCRA petition as untimely.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/05/2026

---

*corpus* on September 17, 2024, less than a year before he filed the instant petition, we note the filing of a federal petition for writ of *habeas corpus* under 28 U.S.C. § 2254 does not toll the jurisdictional time limits of the PCRA. **Commonwealth v. Fahy**, 737 A.2d 214, 222-23 (Pa. 1999); **see also Commonwealth v. Whitney**, 817 A.2d 473, 477 (Pa. 2003); Appellant's Brief at 14.